ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Law Corporation
Mark R. Bresee          State Bar No. 167346
    MBresee@aalrr.com
Amy W. Estrada          State Bar No. 279969
    AEstrada@aalrr.com
Alyssa Ruiz de Esparza   State Bar No. 306542
    ARuizdeEsparza@aalrr.com
4275 Executive Square, Suite 700
La Jolla, California 92037-1477
Telephone:  (858) 485-9526
Fax:  (858) 485-9412

Attorneys for Defendants GROSSMONT CUYAMACA
COMMUNITY COLLEGE DISTRICT, LYNN NEAULT,
GROSSMONT CUYAMACA COMMUNITY COLLEGE
DISTRICT GOVERNING BOARD, DEBBIE JUSTEON,
ELENA ADAMS, BRAD MONROE, LINDA
CARTWRIGHT, JULIE SCHORR, AIMEE
GALLAGHER

***[ADDITIONAL COUNSEL LISTED BELOW]***

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### SAN DIEGO

| | |
|---|---|
| ALYSHA ADAMS, JOANNA AUD, TRACEY KISER, SANDY GONZALEZ, KIRKK WEBLEY, ROB HARTMAN,<br><br>Plaintiffs,<br><br>v.<br><br>GROSSMONT CUYAMACA COMMUNITY COLLEGE DISTRICT, LYNN NEAULT, GROSSMONT CUYAMACA COMMUNITY COLLEGE DISTRICT GOVERNING BOARD, DEBBIE JUSTEON, ELENA ADAMS, BRAD MONROE, LINDA CARTWRIGHT, JULIE SCHORR, AIMEE GALLAGHER, SAN DIEGO COMMUNITY COLLEGE DISTRICT, CARLOS O. TURNER CORTEZ, SAN DIEGO COMMUNITY COLLEGE DISTRICT BOARD OF TRUSTEES, BERNIE RHINERSON, CRAIG MILGRIM, GEYSIL ARROYO, MARIA NIETO SENOUR, MARTY | Case No. __'23 CV1220 JO   AHG__<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>Complaint Filed: March 9, 2023<br><br>[Removed from San Diego Superior Court, Case No. 37-2023-00013487-CU-CR-CTL] |

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
4275 EXECUTIVE SQUARE, SUITE 700
LA JOLLA, CALIFORNIA 92037-1477
TELEPHONE: (858) 485-9526
FAX: (858) 485-9412

NOTICE OF REMOVAL

1  GRAHAM, GREG SMITH, SOUTH
   ORANGE COUNTY COMMUNITY
2  COLLEGE DISTRICT, KATHLEEN
   F. BURKE, SOUTH ORANGE
3  COUNTY COMMUNITY COLLEGE
   DISTRICT BOARD OF TRUSTEES,
4  MARCIA MILCHIKER, TIMOTHY
   JEMAL, CAROLUN IMNON,
5  BARBARA J. JAY, T.J.
   PRENDERGAST III, JAMES R.
6  WRIGHT, TERRI WHITT RYDELL,
   CINDY VYSKOCIL, ELLIOT
7  STERN, JOHN C. HERNANDEZ,

8              Defendants.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
4275 EXECUTIVE SQUARE, SUITE 700
LA JOLLA, CALIFORNIA 92037-1477
TELEPHONE: (858) 485-9526
FAX: (858) 485-9412

005533.00010
41668386.1

NOTICE OF REMOVAL

**<u>ADDITIONAL COUNSEL</u>**

ARTIANO SHINOFF
Paul V. Carelli, IV, Esq. (SBN 190773)
Email: PCarelli@as7law.com
Jack M. Sleeth Jr., Esq. (SBN 108638)
Email: JSleeth@as7law.com
3636 Fourth Avenue, Suite 200
San Diego, California 92103
Telephone: (619) 232-3122
Facsimile: (619) 232-3264

Attorneys for Defendants
SAN DIEGO COMMUNITY COLLEGE DISTRICT BOARD OF TRUSTEES,
BERNIE RHINERSON, CRAIG MILGRIM, GEYSIL ARROYO,
MARIA NIETO SENOUR, MARY GRAHAM, GREG SMITH,
NATALIA TRINH, VICTORIA OWUSU, and EDWARD BOREK

WALSH & ASSOCIATES, APC
Dennis J. Walsh, Esq. (SBN 106646)
Email: DWalsh@walshlawyers.com
Arash Arjang, Esq. (SBN 276237)
Email: AArjang@walshlawyers.com
16633 Ventura Boulevard, Suite 800
Encino, CA 91436
Telephone: (818) 986-1776
Facsimile: (818) 382-2071

Attorneys for Defendants
SOUTH ORANGE COUNTY COMMUNITY COLLEGE DISTRICT,
KATHLEEN F. BURKE, SOCCCD BOARD OF TRUSTEES,
MARCIA MILCHIKER, TIMOTHY JEMAL, CAROLYN INMON,
BARBARA J. JAY, T.J. PRENDERGAST III, JAMES R. WRIGHT,
TERRI WHITT RYDELL, CINDY VYSKOCIL, ELLIOT STERN,
and JOHN C. HERNANDEZ

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
4275 EXECUTIVE SQUARE, SUITE 700
LA JOLLA, CALIFORNIA 92037-1477
TELEPHONE: (858) 485-9526
FAX: (858) 485-9412

NOTICE OF REMOVAL

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
427 5 EXECUTIVE SQUARE, SUITE 700
LA JOLLA, CALIFORNIA 92037-1477
TELEPHONE: (858) 485-9526
FAX: (858) 485-9412

**TO THE DISTRICT COURT OF THE UNITED STATES, SOUTHERN DISTRICT OF CALIFORNIA, PLAINTIFF AND THEIR ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendants GROSSMONT CUYAMACA COMMUNITY COLLEGE DISTRICT, LYNN NEAULT, GROSSMONT CUYAMACA COMMUNITY COLLEGE DISTRICT GOVERNING BOARD, DEBBIE JUSTEON, ELENA ADAMS, BRAD MONROE, LINDA CARTWRIGHT, JULIE SCHORR, AIMEE GALLAGHER, SAN DIEGO COMMUNITY COLLEGE DISTRICT, CARLOS O. TURNER CORTEZ, SAN DIEGO COMMUNITY COLLEGE DISTRICT BOARD OF TRUSTEES, BERNIE RHINERSON, CRAIG MILGRIM, GEYSIL ARROYO, MARIA NIETO SENOUR, MARTY GRAHAM, GREG SMITH, SOUTH ORANGE COUNTY COMMUNITY COLLEGE DISTRICT, KATHLEEN F. BURKE, SOUTH ORANGE COUNTY COMMUNITY COLLEGE DISTRICT BOARD OF TRUSTEES, MARCIA MILCHIKER, TIMOTHY JEMAL, CAROLUN IMNON, BARBARA J. JAY, T.J. PRENDERGAST III, JAMES R. WRIGHT, TERRI WHITT RYDELL, CINDY VYSKOCIL, ELLIOT STERN, and JOHN C. HERNANDEZ ("Defendants") hereby remove to this Court the above-captioned civil action from the Superior Court of the State of California, County of San Diego, Case No. 37-2023-00013487-CU-CR-CTL, to the United States District Court, for the Southern District of California, based upon federal question jurisdiction pursuant to 28 U.S.C. sections 1331 and 1441(a).

The suit is one of a civil nature over which the United States District Court has original jurisdiction.  The removal is based upon the following grounds:

**A.    TIMELINESS**

1.    On March 9, 2023 Plaintiffs Alysha Adams, Joanna Aud, Tracey Kiser, Sandy Gonzalez, Kirk Webley, and Rob Hartman ("Plaintiffs") commenced this action in the Superior Court of the State of California in the County of San Diego,

005533.00010
41668386.1

captioned *Alysha Adams, Joanna Aud, Tracey Kiser, Sandy Gonzalez, Kirk Webley, Rob Hartman v. Grossmont Cuyamaca Community College District, et al.*, San Diego County Superior Court Case No. 37-2023-00013487-CU-CR-CTL. A true and correct copy of the conformed unverified Complaint filed in the Superior Court, and the issued Summons, are attached hereto as **Exhibit A** and **Exhibit B,** respectively. A true and correct copy of the Civil Case Cover Sheet is attached hereto as **Exhibit C**.

2.      A true and correct copy of a Notice of Related Case filed by Plaintiffs on March 9, 2023, specifically a related case in this Court (*George et al. v. Grossmont Cuyamaca Community College District et al.*, Case No. 3:22-cv-00424-AGS-DDL), is attached hereto as **Exhibit D**. A true and correct copy of the docket in the related case is attached hereto as **Exhibit E**.

3.      Through Notices and Acknowledgments of Receipt, all parties were served with the Complaint on May 31, 2023. True and correct copies of these documents are attached hereto as **Exhibit F**.

4.      This Notice of Removal is timely under 28 U.S.C. section 1446(b) in that Defendants have filed this Notice of Removal of Action within one (1) year of commencement of this action, and within thirty (30) days of having first been served with the Complaint.

**B.      GROUNDS FOR REMOVAL TO THIS COURT**

5.      This action has been removed to this Court based upon federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a), in that it includes claims arising under the laws of the United States.

6.      Specifically, Plaintiff's Complaint alleges nine (9) causes of action. The third and fourth causes of action are brought pursuant to 42 U.S.C. § 1983, alleging violations of the First Amendment Free Exercise Clause (see Complaint, ¶¶ 174-187). The fifth, sixth, seventh, eighth, and ninth causes of action in the Complaint allege violations of Title VII of the Civil Rights Act of 1964 42 U.S.C. §

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
427 5 EXECUTIVE SQUARE, SUITE 700
LA JOLLA, CALIFORNIA 92037-1477
TELEPHONE: (858) 485-9526
FAX: (858) 485-9412

2000e, et seq. (see Complaint, ¶¶ 188-221, and Prayer for Relief, ¶¶ 7-17). Plaintiffs seek damages for these alleged violations (see Complaint, ¶¶ 180, 187, and Prayer for Relief ¶ 22).

7.   This action is therefore a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331. It raises a claim that is "necessarily federal in character," and one where the "right to relief depends on the resolution of a substantial, disputed federal question." See *Herman v. Salomon Smith Barney, Inc.*, 266 F. Supp. 2d 1208, 1211 (S.D. Cal. 2003); see also *Sparta Surgical v. Nat'l Ass'n of Sec. Dealers*, 159 F.3d 1209, 1211 (9th Cir. 1998) (holding that because the complaint sought relief based upon a violation of rules promulgated by an agency under the federal securities laws, subject matter jurisdiction was vested in the federal district court). Accordingly, this action may be removed to this Court.

8.   Plaintiff's remaining causes of action are claims over which this Court may properly exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), because they form part of the same case or controversy as the claims over which this Court would have original jurisdiction. Specifically, Plaintiff's first and second causes of action in the Complaint are either wholly derivative of Plaintiff's third through ninth causes of action or are based upon the same nucleus of facts arising out of Plaintiffs' employment at Defendants Grossmont Cuyamaca Community College District, San Diego Community College District, or South Orange County Community College District.

9.   This Court is the District Court of the United States for the district and division embracing the place where this action is pending, 28 U.S.C. § 1441(a), and is therefore the proper court for removal.

## C.   CONSENT OF DEFENDANTS

10.   As the attorneys of record for all of the served Defendants, as delineated above, we certify that all Defendants who have been served have been notified of the state court action, and that all of the Defendants who have been

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
4275 EXECUTIVE SQUARE, SUITE 700
LA JOLLA, CALIFORNIA 92037-1477
TELEPHONE: (858) 485-9526
FAX: (858) 485-9412

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
4275 EXECUTIVE SQUARE, SUITE 700
LA JOLLA, CALIFORNIA 92037-1477
TELEPHONE: (858) 485-9526
FAX: (858) 485-9412

served consent to removal. See *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) ("we conclude that the filing of a notice of removal can be effective without individual consent documents on behalf of each defendant. One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient"); *Centeno v. City of Carlsbad*, 2021 WL 4974852 (S.D. Cal. 2021) (City's removal notice, signed by counsel asserting defendant consented to removal, satisfied the requirements under 28 U.S.C. § 1446; defendant was not required to submit a declaration).

**D.    THE ADDITIONAL REQUIREMENTS FOR REMOVAL ARE MET**

11.    A true and correct copy of the Superior Court Docket is attached hereto as **Exhibit G.** The Docket shows that on March 9, 2023, the Superior Court action was assigned to the Honorable Richard S. Whitney and the case assignment notification is attached as **Exhibit H**. True and correct copies of all non-duplicative process, pleadings, and orders served on Defendants in the action pending in the state court action are attached hereto as Exhibits.

12.    After filing this Notice of Removal, Defendants will promptly file and serve a copy of the conformed Notice of Removal with the Clerk of the Superior Court of California, County of San Diego, and will promptly serve the same on counsel for Plaintiff, in accordance with 28 U.S.C. § 1446(d).

**E.    NON-WAIVER OF DEFENSES**

13.    By removing this action from the Superior Court of the State of California, County of San Diego, Defendants do not waive any defenses available to it/them.

14.    By removing this action from the Superior Court of the State of California, County of San Diego, Defendants do not admit any of the allegations in Plaintiff's Complaint.

**WHEREFORE**, Defendants pray that the above action pending in the Superior Court of the State of California, for the County of San Diego, be removed

1 | to the United States District Court for the Southern District of California.

2

3 | ATKINSON, ANDELSON, LOYA, RUUD &
4 | ROMO

5 | Dated: June 30, 2023       By:   /s/ Mark Bresee

6 |       Mark Bresee
      Aaron O'Donnell
7 |       Attorneys for GCCCD Defendants

8

9 | WALSH & ASSOCIATES

10 | Dated: June 30, 2023       By:   /s/ Arash Arjang

11 |       Dennis Walsh
      Arash Arjang
12 |       Attorneys for SOCCCD Defendants

13

14 | ARTIANO SHINOFF

15 | Dated: June 30, 2023       By:   /s/ Paul Carelli

16 |       Paul Carelli
      Jack Sleeth
17 |       Attorneys for SDCCD Defendants

18

19

20

21

22

23

24

25

26

27

28

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
4275 EXECUTIVE SQUARE, SUITE 700
LA JOLLA, CALIFORNIA 92037-1477
TELEPHONE: (858) 485-9526
FAX: (858) 485-9412

- 8 -
NOTICE OF REMOVAL

# EXHIBIT A

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**03/09/2023** at 06:44:42 PM

Clerk of the Superior Court
By Mary Kaneshiro, Deputy Clerk

Gary G. Kreep (SBN 066482)
Attorney at Law
932 D Street, Suite 1
Ramona, CA 92065
760-803-4029
gary@ggkmail.us
*Attorneys for Plaintiffs*

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SAN DIEGO**

ALYSHA ADAMS, JOANNA AUD, TRACEY KISER, SANDY GONZALEZ, KIRK WEBLEY, ROB HARTMAN

    *Plaintiffs*,

v.

GROSSMONT CUYAMACA COMMUNITY COLLEGE DISTRICT, LYNN NEAULT, GROSSMONT CUYAMACA COMMUNITY COLLEGE DISTRICT GOVERNING BOARD, DEBBIE JUSTESON, ELENA ADAMS, BRAD MONROE, LINDA CARTWRIGHT, JULIE SCHORR, AIMEE GALLAGHER, SAN DIEGO COMMUNITY COLLEGE DISTRICT, CARLOS O. TURNER CORTEZ, SAN DIEGO COMMUNITY COLLEGE DISTRICT BOARD OF TRUSTEES, BERNIE RHINERSON, CRAIG MILGRIM, GEYSIL ARROYO, MARIA NIETO SENOUR, MARY GRAHAM, GREG SMITH, SOUTH ORANGE COUNTY COMMUNITY COLLEGE DISTRICT, KATHLEEN F. BURKE, SOUTH ORANGE

Case No. 37-2023-00013487-CU-CR-CTL

**COMPLAINT**

1
COMPLAINT

COUNTY COMMUNITY
COLLEGE DISTRICT BOARD
OF TRUSTEES, MARCIA
MILCHIKER, TIMOTHY JEMAL,
CAROLYN INMON, BARBARA
J. JAY, T.J. PRENDERGAST III,
JAMES R. WRIGHT, TERRI
WHITT RYDELL, CINDY
VYSKOCIL, ELLIOT STERN,
JOHN C. HERNANDEZ

      *Defendants.*

## INTRODUCTION

1.     Plaintiffs bring this complaint for declaratory judgment and injunctive relief against Defendants Grossmont Cuyamaca Community College District ("GCCCD"), the GCCCD Governing Board and agents thereof, the South Orange County Community College District ("SOCCCD"), the SOCCCD Board of Trustees and agents thereof, and the San Diego Community College District ("SDCCD"), the SDCCD Board of Trustees and agents thereof, to challenge the adoption by each Governing Board or Board of Trustees of a vaccination/testing/masking mandate, requiring students and employees to be vaccinated/tested/masked as a condition of attending classes in-person and/or working on campus in a non-healthcare related capacity.

2.     Plaintiffs hereby sue Defendants in their official capacities only.

## PARTIES

*Plaintiffs*

3.     Plaintiff, Alysha Adams, is an employee of Grossmont Cuyamaca Community College District in the Child Development Center.

4.     Plaintiff, Joanna Aud, is an instructional lab technician for the biology department of San Diego Community College District.

5.  Plaintiff, Tracey Kiser, is an employee of San Diego County Community College District.

6.  Plaintiff, Sandy Gonzalez, is an employee of San Diego County Community College District.

7.  Plaintiff, Kirk Webley, is a former employee of San Diego County Community College District.

8.  Plaintiff, Rob Hartman, is a former employee of South Orange County Community College District.

*Defendants*

9.  Defendant, Grossmont Cuyamaca Community College District ("GCCCD").

10.  Defendant, Lynn Neault, is Chancellor of GCCCD.

11.  Defendant, Grossmont Cuyamaca Community College District Governing Board.

12.  Defendant, Debbie Justeson, is 2022 Board President and a Board Member of GCCCD.

13.  Defendant, Elena Adams, is 2022 Board Clerk and a Board Member of GCCCD.

14.  Defendant, Brad Monroe, is 2022 Vice President and a Board Member of GCCCD.

15.  Defendant, Linda Cartwright, is a Board Member of GCCCD.

16.  Defendant, Julie Schorr, is a Board Member of GCCCD.

17.  Defendant, Aimee Gallagher, is Interim Vice Chancellor of Human Resources of GCCCD.

18.  Defendant, San Diego Community College District ("SDCCD").

19.  Defendant, Carlos O. Turner Cortez, is Chancellor of SDCCD.

20. Defendant, San Diego Community College District Board of Trustees.

21. Defendant, Bernie Rhinerson, is a Board Member of SDCCD.

22. Defendant, Craig Milgrim, is a Board Member of SDCCD.

23. Defendant, Geysil Arroyo, is a Board Member of SDCCD.

24. Defendant, Maria Nieto Senour, is a Board Member of SDCCD.

25. Defendant, Mary Graham, is a Board Member of SDCCD.

26. Defendant, Greg Smith, is Vice Chancellor of Human Resources of SDCCD.

27. Defendant, South Orange County Community College District ("SOCCCD").

28. Defendant, Kathleen F. Burke, is Chancellor of SOCCCD.

29. Defendant, South Orange County Community College District Board of Trustees.

30. Defendant, Marcia Milchiker, is President and a Board Member of SOCCCD.

31. Defendant, Timothy Jemal, is Vice President and a Board Member of SOCCCD.

32. Defendant, Carolyn Inmon, is a Board Member of SOCCCD.

33. Defendant, Barbara J. Jay, is a Board Member of SOCCCD.

34. Defendant, T.J. Prendergast III, is a Board Member of SOCCCD.

35. Defendant, James R. Wright, is a Board Member of SOCCCD.

36. Defendant, Terri Whitt Rydell, is Board Clerk and a Board Member of SOCCCD.

37. Defendant, Cindy Vyskocil, is Vice Chancellor of Human Resources of SOCCCD.

38. Defendant, Elliot Stern, is President of Saddleback College of SOCCCD.

39. Defendant, John C. Hernandez, is President of Irvine Valley College.

## **JURISDICTION AND VENUE**

40.     Jurisdiction is proper in this Court pursuant to California Code of Civil Procedure Section ("CCP") 410.10.

41.     This Court is the proper forum for the adjudication of this action pursuant to CCP 395(a).

42.     This court has personal jurisdiction over defendants GCCCD, SDCCD, SOCCCD, which are public entities that operate within the State of California.

## STATEMENT OF FACTS

**I.      Timeline of Plaintiff Alysha Adams**

43.     On or around March 16, 2020, Alysha Adams ("Adams") began working remotely pursuant to a district wide policy of GCCCD.

44.     On or around July 6, 2020, the GCCCD Child Development Center returned to working on-site, which allowed Adams to return to on-site work.

45.     On or around August 17, 2021, GCCCD began to require all employees to upload a vaccination card, or to take a weekly COVID-19 test. Adams tested weekly per the requirement.

46.     On November 9, 2021, GCCCD announced that the GCCCD Governing Board had adopted a COVID-19 vaccine requirement for employees, students, and individuals accessing services and utilizing facilities at all District locations.

47.     On or around November 9, 2021, Adams received notice from GCCCD that GCCCD had implemented a COVID-19 vaccine requirement for employees and students.

48.     On or around November 23, 2021, Adams received an email from GCCCD ordering her to obtain the vaccine or submit an exemption thereto.

49.     On or around December 10, 2021, Adams submitted a religious exemption request. Her request was granted. In response to the recently adopted vaccine mandates, on December 16, 2021, Jim Mahler ("Mahler"), President of the American Federation of Teachers

Guild, Local 1931 ("AFT"), which is the local union for employees of SDCCD and GCCCD, sent out an email to all members of AFT, criticizing those Districts for their vaccine mandate policies. Mahler expressed his disagreement with the decision by the Boards of SDCCD and GCCCD to permit unvaccinated students with medical or religious exemptions on campus. Mahler expressed his intent to force the Boards to exclude all unvaccinated people from campus, regardless of any legal exemptions, by filing an Unfair Labor Practice Charge against the Districts, and, then, to organize a strike of all AFT members, thereby disrupting operational procedures for the Districts. The possibility of litigation and a labor strike from the President of the labor union was a substantial threat to the operation of the Districts. As a result, the Districts were motivated to deny religious exemption requests that would otherwise have been approved.

50.     On or around January 6, 2022, Adams attended a meeting to determine whether a reasonable accommodation could be granted. Adams stated at this meeting that she wanted to do what she had been doing for the past five months, which was self-screening, wearing a mask, taking her temperature when she arrived at work, and testing once per week. GCCCD denied her a reasonable accommodation request, and, instead, informed her that she could use accrued vacation and/or personal necessity leave, or unpaid leave, through June 30, 2022. Adams asked to appeal the decision and was told there was no appeal process. She was told that if she declined to agree to the terms of the leave, then GCCCD would initiate discipline proceedings. Adams refused the terms, and GCCCD then took action to discipline her.

51.     Adams was placed on administrative leave for three months. On or around May 13, 2022, GCCCD notified Adams that, due to her not making a decision about their terms of her forced time off, the District was now putting her on unpaid leave and would retroactively apply all of her vacation time and accrued paid time-off to the three month period of paid administrative leave. Adams replied that she had made a decision to refuse the terms of her

forced time off, and, instead, told the District to discipline her. In response, Adams received an email stating "The District is remaining within the ADA process and discipline is not part of this."

52.     On or around June 2, 2022, Adams attended a meeting with HR via Zoom videoconferencing to discuss what accommodations the District wanted to impose on Adams. Again, Adams did not agree to any terms of the accommodation and, instead, asked for time to consider the terms before agreeing. Shortly thereafter, Adams received an email from Aimee Gallagher of GCCCD, falsely stating that Adams had agreed to the terms of the accommodation, specifically to mask and test weekly, and containing several incorrect facts and dates. Ms. Gallagher then sent a certified letter similarly misstating facts and dates.

53.     On June 21, 2022, Mahler sent another email criticizing the granting of religious exemptions to the vaccine mandate. In the email, Mahler discussed the results of a union-wide survey, and expressed his intention to use his position as president of the labor union to push for the Boards of SDCCD and GCCCD to continue a policy of denying all employee religious exemption requests, while also granting all employee medical exemption requests. The Districts faced substantial criticism from AFT for permitting any religious exemption, and they were facing a possible labor strike. As a result, the Districts were motivated to favor medical exemptions over religious exemptions.

54.     On or around August 29, 2022, Adams emailed Ms. Gallagher, pointing out the incorrect facts and dates and the false statements attributed by Gallagher to Adams.

55.     On or around September 26, 2022, Adams received an email from Ms. Gallagher alleging that Adams had "abandoned her employment." Adams responded by denying the claim and pointing out that several of the questions she asked at the meeting on June 2, 2022, had not yet been answered.

56.     Adams has been unlawfully excluded from the campus despite being similarly situated to other employees who are unvaccinated and have been granted a medical exemption, for which they have been granted a reasonable accommodation to work on-site. GCCCD also permits unvaccinated students to attend classes in-person while excluding Adams from campus. Adams is concerned that she may be terminated at any time because GCCCD stated their intentions to terminate her. Adams continues to refuse to receive the vaccine and is concerned that her continued refusal will result in the termination of her employment with GCCCD.

**II.     Timeline of Plaintiff Joanna Aud**

57.     On or around August 20, 2021, Joanna Aud ("Aud") received notification from SDCCD requiring all employees to be vaccinated, stating that unvaccinated employees were to be accommodated by testing weekly. Aud promptly filed for a religious exemption.

58.     On September 23, 2021, SDCCD adopted a Resolution directing the Chancellor "to take actions necessary to develop and implement a COVID-19 vaccine requirement for all District employees, students, and individuals accessing services and utilizing facilities at all District locations in accordance with federal and state law, including eligible exceptions." Resolution of the Board of Trustees of SDCCD, in San Diego, California, September 23, 2021.

59.     On September 24, 2021, SDCCD Vice Chancellor Smith ("Smith") sent an email to all employees titled "SDCCD Vaccination Requirement Update," in which Smith discussed the vaccine mandate as a condition of employment. Smith stated that employees who had previously submitted a religious exemption request would need to submit a new religious exemption request form. The email also set a deadline of October 8, 2021, to request a religious exemption request. Smith stated that "[e]xemptions will be considered on an individual basis. Employees approved for an exemption will go through an interactive process

to determine whether a reasonable accommodation to the vaccination requirement can be made without posing a health and safety risk to others."

60.     On or around October 26, 2021, SDCCD informed Aud that her religious exemption was denied. Aud immediately appealed the decision.

61.     On or around October 29, 2021, SDCCD accepted the appeal and approved Aud's religious exemption. SDCCD began the process of reasonable accommodation determination. Up to this time, weekly testing and masking had been acceptable as an accommodation for SDCCD.

62.     On or around December 15, 2021, SDCCD informed Aud that her accommodation request was rejected, stating that she posed a danger to the health and safety of other by remaining unvaccinated. She was informed that the only "accommodation" that would be allowed to her was to use accrued paid time-off, and unpaid time off, until June 30, 2022. Aud attempted to appeal this decision, offering instead to continue masking and testing.

63.     In response to the recently adopted vaccine mandates, on December 16, 2021, Mahler sent out an email to all members of AFT, criticizing those Districts for their vaccine mandate policies. Mahler expressed his disagreement with the decision by the Boards of SDCCD and GCCCD to permit unvaccinated students with medical or religious exemptions on campus. Mahler expressed his intent to force the Boards to exclude all unvaccinated people from campus, regardless of any legal exemptions, by filing an Unfair Labor Practice Charge against the Districts, and, then, to organize a strike of all AFT members, thereby disrupting operational procedures for the Districts. The possibility of litigation and a labor strike from the President of the labor union was a substantial threat to the operation of the Districts. As a result, the Districts were motivated to deny religious exemption requests that would otherwise have been approved.

64.    On January 11, 2022, Smith sent an email to all employees titled "SDCCD Spring Operations Update PLEASE READ". Smith, acting as an agent of SDCCD, conceded that vaccines do not prevent transmission of COVID-19, and that both vaccinated and unvaccinated people may transmit the disease in his statement that "data and research increasingly demonstrate the omicron variant is much more transmissible, including among individuals who are fully vaccinated against COVID-19…"

65.    On or around January 13, 2022, SDCCD informed Aud that her request for appeal had bene received and forwarded. No further communication was received prior to initiating their version of an "accommodation" - no appeal and no explanation other than their previous statement. Aud was excluded from campus without agreeing to the terms of SDCCD's proposed "accommodation". SDCCD automatically applied Aud's accrued paid time-off to her leave. During this time, other unvaccinated employees were still being accommodated with weekly testing, alternate schedules, and remote work options. Some were allowed to remain at work the entire time and have approved accommodations to be on site.

66.    On or around April 25, 2022, Aud received a call from her Supervisor that her paid time-off was depleted and that unpaid leave would begin.

67.    At or around May 20, 2022, SDCCD ended the vaccine mandate for students.

68.    On or around May 23, 2022, SDCCD ended the testing requirement for unvaccinated employees. Aud was still not permitted to work on campus.

69.    On or around June 14, 2022, SDCCD announced that it would be ending the vaccine mandate for students and would be permitting unvaccinated students to attend classes in-person on campus. Aud was still excluded from campus by SDCCD.

70.    On June 21, 2022, Mahler sent another email criticizing the granting of religious exemptions to the vaccine mandate. In the email, Mahler discussed the results of a union-wide survey, and expressed his intention to use his position as president of the labor

union to push for the Boards of SDCCD and GCCCD to continue a policy of denying all employee religious exemption requests while also granting all employee medical exemption requests. The Districts faced substantial criticism from AFT for permitting any religious exemption and was facing a possible labor strike. As a result, the Districts were motivated to favor medical exemptions over religious exemptions.

71.     On or around September 9, 2022, SDCCD informed Aud that she must either comply with the vaccine mandate by September 30, 2022, or she would face disciplinary action up to and including termination.

72.     Aud has been unlawfully excluded from the campus despite being similarly situated to other employees who are unvaccinated and have been granted a medical exemption, for which they have been granted a reasonable accommodation to work on-site. SDCCD also permits unvaccinated students to attend classes in-person while excluding Aud from campus. Aud is concerned that she may be terminated at any time because SDCCD stated their intentions to terminate her.

73.     Aud has timely filed charges with the EEOC, on the basis of religious discrimination and lack of accommodation in the workplace.

**III.     Timeline of Plaintiff Tracey Kiser**

74.     On or around May 24, 2021, Tracey Kiser received notice from Smith, that, beginning July 1, 2021, all employees returning to work on-site will be required to be vaccinated or have an approved exemption.

75.     On or around June 23, 2021, Kiser submitted a request for a religious exemption for the SDCCD vaccine policy requiring all employees to be vaccinated. Her request was approved.

76.     On September 23, 2021, SDCCD adopted a Resolution directing the Chancellor "to take actions necessary to develop and implement a COVID-19 vaccine requirement for all

District employees, students, and individuals accessing services and utilizing facilities at all District locations in accordance with federal and state law, including eligible exceptions." Resolution of the Board of Trustees of SDCCD, in San Diego, California, September 23, 2021.

77. On September 24, 2021, Smith sent an email to all employees titled "SDCCD Vaccination Requirement Update," in which Smith discussed the vaccine mandate as a condition of employment. Smith stated that employees who had previously submitted a religious exemption request would need to submit a new religious exemption request form. The email also set a deadline of October 8, 2021, to request a religious exemption request. Smith stated that "[e]xemptions will be considered on an individual basis. Employees approved for an exemption will go through an interactive process to determine whether a reasonable accommodation to the vaccination requirement can be made without posing a health and safety risk to others."

78. On or around October 11, 2021, after SDCCD announced that it was revising the vaccine policy to become the official vaccine mandate at issue in this case, Kiser submitted a new request for a religious exemption. Her request was denied. She promptly appealed the denial, and her religious exemption was approved. SDCCD granted her a reasonable accommodation of permitting her to work remotely from home.

79. In response to the recently adopted vaccine mandates, on December 16, 2021, Mahler sent out an email to all members of AFT, criticizing those Districts for their vaccine mandate policies. Mahler expressed his disagreement with the decision by the Boards of SDCCD and GCCCD to permit unvaccinated students with medical or religious exemptions on campus. Mahler expressed his intent to force the Boards to exclude all unvaccinated people from campus, regardless of any legal exemptions, by filing an Unfair Labor Practice Charge against the Districts, and, then, to organize a strike of all AFT members, thereby disrupting operational procedures for the Districts. The possibility of litigation and a labor strike from the

President of the labor union was a substantial threat to the operation of the Districts. As a result, the Districts were motivated to deny religious exemption requests that would otherwise have been approved.

80.     On January 11, 2022, Smith sent an email to all employees, titled "SDCCD Spring Operations Update PLEASE READ". Smith, acting as an agent of SDCCD, conceded that vaccines do not prevent transmission of COVID-19, and that both vaccinated and unvaccinated people may transmit the disease in his statement that "data and research increasingly demonstrate the omicron variant is much more transmissible, including among individuals who are fully vaccinated against COVID-19…"

81.     At or around May 20, 2022, SDCCD ended the vaccine mandate for students.

82.     On June 21, 2022, Mahler sent another email criticizing the granting of religious exemptions to the vaccine mandate. In the email, Mahler discussed the results of a union-wide survey and expressed his intention to use his position as president of the labor union to push for the Boards of SDCCD and GCCCD to continue a policy of denying all employee religious exemption requests, while also granting all employee medical exemption requests. The Districts faced substantial criticism from AFT for permitting any religious exemptions and was facing a possible labor strike. As a result, the Districts were motivated to favor medical exemptions over religious exemptions.

83.     On or around July 1, 2022, Smith emailed Kiser informing her that SDCCD could no longer accommodate her request for a religious exemption. Smith stated that because her fall assignments include teaching in-person classes, they could not accommodate her. Smith gave Kiser until July 14, 2022, to become vaccinated or else they will take disciplinary measures up to and including termination. This was sent two months after SDCCD announced that it would not require students to be vaccinated for in-person classes.

84. On or around August 16, 2022, Smith emailed Kiser, informing her that because SDCCD does not have a record of her vaccination, she is being placed on administrative leave until further notice.

85. Kiser timely filed charges with the EEOC, on the basis of religious discrimination and lack of accommodation in the workplace.

86. Kiser has been unlawfully excluded from the campus despite being similarly situated to other employees who are unvaccinated and have been granted a medical exemption, for which they have been granted a reasonable accommodation to work on-site. SDCCD also permits unvaccinated students to attend classes in-person while excluding Kiser from campus. Kiser is concerned that she may be terminated at any time because SDCCD stated their intentions to terminate her.

**IV.   Timeline of Plaintiff Sandy Gonzalez**

87. On or around May 24, 2021, Sandy Gonzalez ("Gonzalez") received notice from SDCCD that they would be requiring employees to be vaccinated against COVID-19 in order to work on-site at campus. She promptly filed a request for a religious exemption.

88. On or around July 26, 2021, Gonzalez received notice that her request for a religious exemption was approved.

89. On or around August 19, 2021, Gonzalez received notice that she was approved to return to on-site work on September 7, 2021.

90. On or around August 30, 2021, Gonzalez received notice from SDCCD that she was required to test weekly on Tuesdays.

91. On September 23, 2021, SDCCD adopted a Resolution directing the Chancellor "to take actions necessary to develop and implement a COVID-19 vaccine requirement for all District employees, students, and individuals accessing services and utilizing facilities at all District locations in accordance with federal and state law, including eligible exceptions."

Resolution of the Board of Trustees of SDCCD, in San Diego, California, September 23, 2021.

92.     On September 24, 2021, Smith sent an email to all employees titled "SDCCD Vaccination Requirement Update," in which Smith discussed the vaccine mandate as a condition of employment. Smith stated that employees who had previously submitted a religious exemption request would need to submit a new religious exemption request form. The email also set a deadline of October 8, 2021, to request a religious exemption request. Smith stated that "[e]xemptions will be considered on an individual basis. Employees approved for an exemption will go through an interactive process to determine whether a reasonable accommodation to the vaccination requirement can be made without posing a health and safety risk to others."

93.     On or around September 27, 2021, Smith emailed Gonzalez asking for proof of her vaccination or, in the alternative, to refile for a religious exemption. Gonzalez promptly filed a new request for a religious exemption.

94.     On or around October 29, 2021, Gonzalez received notice that her request for a religious exemption was approved for a second time.

95.     On or around November 16, 2021, Gonzalez received an email stating that Risk Management was processing her vaccine accommodation.

96.     In response to the recently adopted vaccine mandates, on December 16, 2021, Mahler sent out an email to all members of AFT, criticizing those Districts for their vaccine mandate policies. Mahler expressed his disagreement with the decision by the Boards of SDCCD and GCCCD to permit unvaccinated students with medical or religious exemptions on campus. Mahler expressed his intent to force the Boards to exclude all unvaccinated people from campus, regardless of any legal exemptions, by filing an Unfair Labor Practice Charge against the Districts, and, then, to organize a strike of all AFT members, thereby disrupting operational procedures for the Districts. The possibility of litigation and a labor strike from the

President of the labor union was a substantial threat to the operation of the Districts. As a result, the Districts were motivated to deny religious exemption requests that would otherwise have been approved.

97.     On January 11, 2022, Smith sent an email to all employees, titled "SDCCD Spring Operations Update PLEASE READ". Smith, acting as an agent of SDCCD, conceded that vaccines do not prevent transmission of COVID-19, and that both vaccinated and unvaccinated people may transmit the disease in his statement that "data and research increasingly demonstrate the omicron variant is much more transmissible, including among individuals who are fully vaccinated against COVID-19…"

98.     On or around January 11, 2022, Gonzalez received an email from Smith, stating that all employees would be working remotely until January 28, 2022 and would return to on-site work February 28, 2022. The return date was later amended by email to February 22, 2022.

99.     On or around January 28, 2022, Gonzalez received an email from Risk Management that the Exemption Accommodation Committee reviewed her accommodation and determined that remote work was not an option and that her accommodation to work onsite unvaccinated was denied. SDCCD offered an accommodation of using accrued paid leave or unpaid leave until June 30, 2022. She was also told that should she decline the offered accommodation and choose not to be vaccinated, then she may be subject to discipline.

100.    On or around February 25, 2022, Gonzalez received an email from Smith, stating that they had made an error in accommodation and that Gonzalez could not use accrued sick leave, essentially permitting only vacation leave and unpaid leave. Smith added that Gonzalez may file for unemployment and that the District would not contest the filing. Gonzalez filed for unemployment on that day. Gonzalez emailed Smith asking why she couldn't work until February 22, 2022. She did not receive a response to her inquiry.

101.    At or around May 20, 2022, SDCCD ended the vaccine mandate for students.

102.    On June 21, 2022, Mahler sent another email criticizing the granting of religious exemptions to the vaccine mandate. In the email, Mahler discussed the results of a union-wide survey, and expressed his intention to use his position as president of the labor union to push for the Boards of SDCCD and GCCCD to continue a policy of denying all employee religious exemption requests, while also granting all employee medical exemption requests. The Districts faced substantial criticism from AFT for permitting any religious exemptions and was facing a possible labor strike. As a result, the Districts were motivated to favor medical exemptions over religious exemptions.

103.    On or around June 30, 2022, Gonzalez emailed the SDCCD employment office, risk management, and Smith, seeking immediate action on her request for religious exemption and reasonable accommodation to work on-site.

104.    On or around July 7, 2022, Gonzalez emailed her supervisor to inquire about a tentative assignment offer for Fall Semester of 2022. Her supervisor approved her for 203 hours, and later amended the offer on July 18 to 324 hours. However, Gonzalez needed approval from Human Resources ("HR") before she could work on-site.

105.    On or around July 21, 2022, Gonzalez emailed Smith about being cleared to work on-site. Smith did not respond.

106.    On or around August 11, 2022, Gonzalez emailed her supervisor about being cleared to work on-site. She was told that she was not cleared due to her status as unvaccinated.

107.    On or around August 11, 2022, Gonzalez emailed the Vice President of Student Services Adrian Gonzales, about being cleared to work on-site. She was told that she was not cleared due to her status as unvaccinated.

108.    On or around August 18, 2022, Gonzalez emailed Smith about being cleared to work on-site. She was told that she was not cleared due to her status as unvaccinated.

109.    Gonzalez has been unlawfully excluded from the campus despite being similarly situated to other employees who are unvaccinated and have been granted a medical exemption, for which they have been granted a reasonable accommodation to work on-site. SDCCD also permits unvaccinated students to attend classes in-person while excluding Gonzalez from campus. Gonzalez is concerned that she may be terminated at any time because SDCCD stated their intentions to terminate her.

**V.    Timeline of Plaintiff Kirk Webley**

110.    On September 23, 2021, SDCCD adopted a Resolution directing the Chancellor "to take actions necessary to develop and implement a COVID-19 vaccine requirement for all District employees, students, and individuals accessing services and utilizing facilities at all District locations in accordance with federal and state law, including eligible exceptions." Resolution of the Board of Trustees of SDCCD, in San Diego, California, September 23, 2021.

111.    On September 24, 2021, Smith sent an email to all employees titled "SDCCD Vaccination Requirement Update," in which Smith discussed the vaccine mandate as a condition of employment. Smith stated that employees who had previously submitted a religious exemption request would need to submit a new religious exemption request form. The email also set a deadline of October 8, 2021, to request a religious exemption request. Smith stated that "[e]xemptions will be considered on an individual basis. Employees approved for an exemption will go through an interactive process to determine whether a reasonable accommodation to the vaccination requirement can be made without posing a health and safety risk to others."

112.    On or around September 24, 2021, Kirk Webley ("Webley") filed a request for religious exemption.

113.     On or around October 28, 2021, Webley received notice that his request for a religious exemption was approved.

114.     On or around December 14, 2021, Webley received notice from SDCCD Risk Management that his vaccination exemption accommodation questionnaire had been received and would be reviewed.

115.     In response to the recently adopted vaccine mandates, on December 16, 2021, Mahler sent out an email to all members of AFT, criticizing those Districts for their vaccine mandate policies. Mahler expressed his disagreement with the decision by the Boards of SDCCD and GCCCD to permit unvaccinated students with medical or religious exemptions on campus. Mahler expressed his intent to force the Boards to exclude all unvaccinated people from campus, regardless of any legal exemptions, by filing an Unfair Labor Practice Charge against the Districts, and, then, to organize a strike of all AFT members, thereby disrupting operational procedures for the Districts. The possibility of litigation and a labor strike from the President of the labor union was a substantial threat to the operation of the Districts. As a result, the Districts were motivated to deny religious exemption requests that would otherwise have been approved.

116.     On January 11, 2022, Smith sent an email to all employees, titled "SDCCD Spring Operations Update PLEASE READ". Smith, acting as an agent of SDCCD, conceded that vaccines do not prevent transmission of COVID-19, and that both vaccinated and unvaccinated people may transmit the disease in his statement that "data and research increasingly demonstrate the omicron variant is much more transmissible, including among individuals who are fully vaccinated against COVID-19…"

117.     On or around January 27, 2022, Webley received notice via email from SDCCD Risk Management that his request for accommodation to work either on-site or remotely was denied. The notice stated that SDCCD determined that Webley may use accrued

paid leave, or unpaid leave, through June 30, 2022, and that SDCCD considered this to be a "reasonable accommodation". The notice did not explain how the Webley's specific duties or type of work would have created an undue hardship for the employer if he was permitted to work either on-site or remotely.

118.    On or around January 27, 2022, Webley responded to SDCCD Risk Management, asking for details of the committee's findings why his specific position and duties cannot be performed remotely, and information the committee reviewed to determine that no alternative location or options could be provided to work on campus safely, including testing. The decision to deny the request to work remotely was made even though Webley had been working remotely since March of 2020. Webley pointed out that he was currently assigned to work remotely until February 22, 2022. Webley informed the District that he sought an appeal of this determination, he requested to meet with the committee, and he requested more information.

119.    On or around February 3, 2022, Webley received notice from Tonia Teresh, Dean of Student Development ("Teresh"), in response to his email. Teresh stated, in response to Webley's request for more information, that "the District is unable to approve the accommodation you requested given the current public health conditions in San Diego County". Teresh also that Webley would be placed off work on February 11, 2022.

120.    On or around February 3, 2022, Webley emailed Mahler, asking the AFT Guild for "representation, support, and/or any resources around the issue of accommodation".

121.    On or around February 3, 2022, Webley received an email from Mahler in response to his request for aid. Mahler informed Webley that the Guild is unable to force the District to provide him with his desired accommodation, and that the determination of the Accommodation Committee is final and unappealable

122.    On or around February 7, 2022, Webley emailed SDCCD Risk Management to again ask for details of the committee's findings why his specific position and duties cannot be performed remotely, and information the committee reviewed to determine that no alternative location or options could be provided to work on campus safely, including testing. Webley pointed out that the District had not followed the requirements of Federal and State law regarding religious exemptions and the accommodation process. Again, Webley requested an appeal of the decision. No response to his questions or request for appeal was ever received.

123.    On or around March 4, 2022, Webley sent an email to Mahler, again asking the AFT Guild for assistance with the process for the religious exemption request and reasonable accommodation determination.

124.    On or around March 6, 2022, Smith, sent an email to all SDCCD employees announcing "Administrative Procedure 7170 – Remote Work", a program which allows employees to work remotely upon request to do so. Smith showed his approval of remote work as an option for employees by stating "[r]emote work flexibilities provide opportunities for many employees to achieve greater balance between their professional and personal commitments while increasing the effectiveness, efficiency, and equity of their work". Smith stated that virtually all employees are eligible to participate in the new program, including "Classified Professionals, Confidential, Faculty, Supervisors, Managers, and NANC employees". According to this email, Webley would qualify for the remote work program. By setting up a District-wide program to permit employees to work remotely, it is improbable that permitting Webley to work remotely as a reasonable accommodation would create an undue hardship for the District.

125.    On or around March 10, 2022, Webley received an email from Adrian Gonzalez, Vice President for Student Services ("Gonzalez"), who informed Webley that the paid leave and unpaid leave "accommodation" only applies to his full-time contract

assignment, and it does not apply to his overload assignment or adjunct counselor assignment. This resulted in Webley receiving a reduced monthly income as a result of being involuntarily placed on the administrative leave by the District.

126.     On or around March 10, 2022, Webley emailed Smith and Rachel Wilker explaining that he was placed on paid leave due to his approved religious exemption and non-vaccinated status, that he was told by his dean that his contract and overload assignments would be honored until the end of spring, June 30th, 2022, and that, in reliance upon that information, Webley agreed to the terms of the administrative leave. Webley then explained, in reference to the email from Gonzalez earlier that same day, that he recently learned that the administrative leave does not apply to adjunct or overload assignments. Webley renewed his request for a reasonable accommodation that does not involve paid-leave or unpaid-leave. He also requested that the overload assignments be honored, through June 30th, as part of the approved leave recommended by the district and the risk management committee.

127.     On or around March 11, 2022, Webley received an email from Smith explaining that there was a miscommunication from Risk Management, that the email from Gonzalez was accurate, and that the administrative leave would not apply to his adjunct or overload assignments. Smith stated that "reevaluating accommodation options as the semester continues and for the summer and fall, including any operational changes within the counseling services and will contact you if and when alternative work accommodations will be available." At no time did Smith discuss the new "Administrative Procedure 7170 – Remote Work" program that he had announced to District employees less than a week prior. Despite being willing to have a large number of other employees working remotely, Smith did not even mention to Webley that remote work was an option.

128.     At or around May 20, 2022, SDCCD ended the vaccine mandate for students.

129.    On or around June 14, 2022, Smith sent an email to all SDCCD employees, informing them of changes to the COVID-19 vaccination mandate. Smith states that beginning Fall Semester of 2022, students will no longer be required to be vaccinated in order to attend classes in-person. Employees will still be required to be vaccinated to be on campus and work on-site.

130.    On June 21, 2022, Mahler sent another email criticizing the granting of religious exemptions to the vaccine mandate. In the email, Mahler discussed the results of a union-wide survey, and expressed his intention to use his position as president of the labor union to push for the Boards of SDCCD and GCCCD to continue a policy of denying all employee religious exemption requests, while also granting all employee medical exemption requests. The Districts faced substantial criticism from AFT for permitting any religious exemptions and was facing a possible labor strike. As a result, the Districts were motivated to favor medical exemptions over religious exemptions.

131.    On or around June 30, 2022, Smith sent an email to Webley, informing him that he must comply with the vaccination mandate and that administrative leave was no longer an option. Smith stated that if Webley did not comply, he would face disciplinary action, including termination. Smith gave Webley a deadline of July 7, 2022, to respond to this vaccinate-or-be-fired email threat, after which the District would presume that Webley did not intend to comply and they would initiate disciplinary action.

132.    On or around July 7, 2022, Webley filed a charge of discrimination with DFEH.

133.    On or around July 7, 2022, Webley emailed Smith stating that he has at all times complied with the vaccine mandate, that he requested and was granted a religious exemption thereto, and he requested information on how to be approved to work remotely. He also stated that there has been no interactive process with HR, because HR and Risk

Management has refused to provide answers to the questions he asked several times after being denied a reasonable accommodation.

134. On or around August 16, 2022, Smith sent an email to Webley informing him that he was being placed on paid administrative leave beginning Monday, August 22, 2022, without a specified end date.

135. On or around August 21, 2022, Webley replied to Smith with questions about the new terms of his employment. Webley asked why he was being placed on paid administrative leave now when he was previously placed on unpaid leave, whether this was part of disciplinary action, and how to file a request to reinstate his sick leave that he was forced to use by the District when he was involuntarily placed on administrative leave.

136. On or around September 13, 2022, Webley received an email from Mahler in which Mahler addresses why he believes employees must be vaccinated. Mahler states "the District (and by extension all employees) are not on the hook for hospitalization costs if students end up in the hospital, but our rates go up, which means less money for salary increases, if employees end up in the hospital." This statement shows that Mahler believes he was financially incentivized to exclude unvaccinated employees from the campus, and to use his position as president of the local chapter of AFT to put pressure on the SDCCD Board of Trustees to deny accommodations for employees who request exemptions.

137. On or around November 10, 2022, Webley received from SDCCD a notice of right to a pre-disciplinary hearing related to noncompliance with the vaccine mandate.

138. On or around November 22, 2022, Webley sent an email to Maureen Rubalcaba, Acting Dean of Student Development ("Rubalcaba") requesting "a recommendation for an employee accommodation to return to work in the capacity of Professor, Counselor at Miramar College". Webley proposed four accommodations that would permit him to continue working: (1) To be placed in a controlled environment, on campus, that

maximize the protection of all individuals; (2) Work remote for a duration of time (recommend June 30, 2024) and continue to review need for adaptation; (3) Testing, as needed; or (4) Any reasonable accommodation suggested.

139.    On or around November 30, 2022, Rubalcaba replied by email to Webley, denying his request for a recommendation. Rubalcaba explained "Based on standard operational needs, regular work assignments for counselors, and faculty collective bargaining agreement provisions, the appropriate HR representatives have determined 100% remote work assignments are not reasonable accommodations during the 2022-2023 academic year." This statement shows that SDCCD had adopted a standard policy of denying accommodation requests. SDCCD did not consider the specific and individualized employment conditions of Webley, therefore, the District could not have determined whether accommodating his request would have resulted in an undue hardship.

140.    On or around December 8, 2022, Webley sent an email to Truongson Nguyen, an employee of SDCCD, including a letter containing his response to the recommendation for termination. In the letter, Webley explains that he had complied with the vaccine mandate by submitting a request for religious exemption and reasonable accommodation according to the process that the District had created, and that he had repeatedly requested a reasonable accommodation to work on-site or under other reasonable conditions. Webley highlighted his exemplary career history with the District spanning 25 years.

141.    On or around January 17, 2023, Webley received from SDCCD a notice of final determination of the recommendation for his termination to the Board of Trustees.

142.    Webley has been wrongfully terminated and unlawfully excluded from the campus despite being similarly situated to other employees who are unvaccinated and have been granted a medical exemption, for which they have been granted a reasonable

accommodation to on-site. SDCCD also permits unvaccinated students to attend classes in-person while excluding Webley from campus.

**VI.      Timeline of Plaintiff Rob Hartman**

143.     On or around August 16, 2021, SOCCCD streamed a video titled "President's Welcome – Fall 2021 PD Week", in which the President of SOCCCD, Elliot Stern, gave a speech to staff and board members stating "I'm mad at all the unvaccinated people. I completely share your feelings. You should not be ashamed of those [feelings], that is completely natural. It is completely natural to be mad at people who didn't get vaccinated…. I am mad at those people, and I have every right to be…".[1] Rob Hartman ("Hartman") was aware of this statement and believes that it demonstrates animus towards unvaccinated people.

144.     On or around September 27, 2021, SOCCCD approved a COVID-19 vaccination mandate for all students, employees, and volunteers coming onto any District campus or worksite as of January 8, 2022.

145.     On November 17, 2021, SOCCCD distributed a file titled "Memorandum of Understanding between South Orange County Community College District and its California School Employees Association" ("MOU"). In MOU, SOCCCD announced the new COVID-19 vaccination mandate as a "condition of employment and will remain in effect unless it is deemed by the District that it is no longer necessary during the present public health emergency…" (Italics added). MOU provided a deadline of November 18, 2021, for requesting a "disability/medical accommodation, or sincerely held religious belief exemption", creating a limited 24-hour window during which an employee may make a request for an exemption.

---

[1] President's Welcome – Fall 2021 PD Week, 65:26-65:59; https://www.youtube.com/watch?v=uPAxG6C1WXk

146.     On or around November 17, 2021, Hartman received notice from SOCCCD and the California School Employees Association ("CSEA"), an employment union for community college employees, that SOCCCD and the management of CSEA had come to an agreement regarding the COVID-19 vaccine mandate for all students, employees, and volunteers coming onto any District campus or worksite as of January 8, 2022.

147.     On or around December 3, 2021, Hartman received an email from Cindy Vyskocil, Vice Chancellor of Human Resources of SOCCCD ("Vyskocil"), which stated that "SOCCCD will be requiring proof of vaccination for all employees and students beginning January 8, 2022." Vyskocil informed Hartman that he had "been identified as an employee of the District who has not yet uploaded proof of full vaccination" and that he did not request a medical or sincerely held religious belief exemption prior to the deadline of November 18, 2021. Vyskocil stated that if Hartman did not provide proof of full vaccination by January 7, 2022, he will be immediately placed on UNPAID leave, and that, after 90 days of unpaid leave, his medical benefits would end.

148.     On or around December 3, 2021, Hartman received an email from Vyskocil, addressed to all employees, reminding them of the requirment to upload proof of vaccination by January 7, 2022. The email stated that the deadline to submit a vaccine exemption had occurred on November 18, 2021.

149.     On January 2, 2022, SOCCCD Chancellor Kathleen F. Burke ("Burke") distributed an email through SOCCCD Communications titled "SOCCCD Message - 2022 COVID Update from Chancellor Burke", in which Burke delayed the in-person return-to-work of employees until February 7, 2022. Burke conceded that both vaccinated and unvaccinated employees are capable of transmitting the virus.

150.     On or around January 5, 2022, Hartman filed an Unlawful Discrimination Complaint Form with the HR Department of SOCCCD. In the complaint, Hartman stated that

due to his medical condition he believed that he should qualify for a medical exemption from the vaccine mandate, but that he was unable to produce the documents the District required for him to apply for a medical exemption. Hartman was unable to provide a note from a medical professional because Kaiser, his healthcare provider, had a company policy to not provide any medical exemption documents for Covid 19 vaccinations. Hartman's complaint shows that he believed that he qualified for a legal exemption, and that SOCCCD had not engaged in an interactive process that would enable Hartman to prove his medically exempt condition.

151.    On or around January 7, 2022, Hartman received an email from Anne Claire Chua, Director of EEO, Equity & Compliance Programs ("Chua"), in response to the complaint he filed. Attached to the email was a PDF--copy of a letter from Chua with the formal response from the District. In the letter, Chua states that SOCCCD has implemented the vaccine mandate to comply with Labor Code §§ 6300, 6400 and 8 C.C.R § 3205. Notably, there is no mandatory vaccine requirement to be found in those statutes, nor do they confer to any local authority the power to implement vaccine mandates as a condition of employment. Chua states that Hartman had not provided the "requested medical information for proof of vaccination or medical proof to satisfy the medical exemption." Chua states, incorrectly, that "pursuant to 42 U.S.C.S. § 247d-6d(d), the District is immune from liability for any claims related to the lawful enforcement and administration of the vaccine." Chua attempts to reinforce the District's position by stating that "CDC and OSHA has further updated its guidance and requires vaccinations be enforced by all covered employers according to the law." At no time up to the drafting of this letter, had the CDC ever required vaccinations as a condition of employment, and it is doubtful that they would have the authority to make such a requirement. However, OSHA had published a rule requiring all employers with over 100 employees mandate vaccines, but that rule was stayed by the Supreme Court on January 13,

2022, in the case of National Federation of Independent Business v. Dept. of Labor, Occupational Health and Safety Administration, 142 S.Ct. 661 (2022).

152.    On or around January 20, 2022, Hartman sent a reply letter via email to Chua, explaining that he does not accept the District's response to his Unlawful Discrimination Claim. In the reply letter, Hartman reiterates that he should be granted a medical exemption, that the District has not engaged in a meaningful, substantive discussion about his exemption that would rise to an "interactive process", that Vyskocil had threatened him with termination and loss of income if he refused to take the COVID-19 vaccine and provided proof thereof, and that he attempted several times to discuss the situation with HR and the Union, but that the hostility shown to him by the agents of HR and the Union for refusing the vaccine prevented any meaningful discussion. Hartman pointed out that he had worked remotely for several months, that several other employees in his department had been, and continue to, work remotely, and that he would be happy to work remotely as a reasonable accommodation.

153.    On or around January 20, 2022, Hartman received an email from Vyskocil in which she stated that she and the District disagree with Hartman's claims. She apologized that he found her emails threatening. Vyskocil then reversed her previously stated position of a deadline for submitting exemption requests by telling Hartman that "at any point in time, you have the right to provide the district with medical documentation from a medical doctor which states that it is not medically appropriate at this time for you to get vaccinated. However, you also seem to disagree with the twice per week testing which is required if you are approved for an exemption from becoming fully vaccinated." Here, Vyskocil has demonstrated that the District had predetermined, prior to receiving a request for a reasonable accommodation, what the terms of any reasonable accommodation would be; that it must include twice weekly testing, and that this determination was made without any consideration of the position and responsibilities of the employees who request an exemption. This shows that the Districts have

failed to engage in a good faith interactive process of determining the possibility of a reasonable accommodation by predetermining the outcome of the request for a reasonable accommodation.

154.    On or around January 21, 2022, Hartman received an email with letter attached from Rex Randall Erickson, an attorney representing SOCCCD ("Erickson"). Erickson stated that SOCCCD had reviewed Hartman's complaint, analyzed his concerns, and provided him with its response. Erickson also stated that Hartman may file a claim with the District Board of Trustees, "the federal Equal Employment Opportunity Commission (EEOC), the California Department of Fair Employment and Housing (DFEH), or the California Division of Occupational Safety and Health (Cal/OSHA), or other applicable agency."

155.    On or around January 21, 2022, Hartman replied to Vyskocil, again expressing his desire to work remotely as a reasonable accommodation.

156.    On or around January 22, 2022, Vyskocil replied to Hartman, stating that it was not possible to have him work remotely because "the District does not have any permanently remote classified positions. And, it is not a reasonable request to ask an employer to move a position from on ground to permanently remote." Vyskocil did not inquire into the possibility of other reasonable accommodations, such as a temporary remote position, working on-site while masking and/or testing, or reassignment to another position, to name a few possibilities. Shortly after receiving this email, Hartman was placed on unpaid leave indefinitely.

157.    On or around June 8, 2022, Vyskocil sent a letter to Hartman titled "Formal Notice of Non-Compliance with Vaccine Requirement". The letter stated that Hartman had until June 30, 2022, to either provide proof of vaccination, submit a request for exemption, agree to conditional resignation subject to vaccination, or else he would be terminated.

158.    On or around August 16, 2022, Hartman received a letter from SOCCCD titled "Notice of Intent to Discipline a Permanent Classified Employee". The letter stated that

SOCCCD charged him with misconduct for failing to comply with the vaccine mandate. At all times, Hartman sought an exemption from the vaccine mandate and attempted to comply with the requirements thereof.

159.    At or around the beginning of the Fall Semester of 2022, SOCCCD ended the vaccine mandate for students.

160.    On or around September 1, 2022, Hartman sent Vyskocil an email in which he informed her that he is informed and believes that the person hired to replace him while he was on unpaid leave was allowed to work from a remote location, and was NOT required to be on campus. These conditions of employment SOCCCD applied to the replacement of Hartman are identical to the reasonable accommodation that Hartman had requested from SOCCCD for his medical exemption.

161.    On or around September 1, 2022, Vyskocil replied to Hartman's email from earlier that day in which she stated that Hartman's "choice not to comply with either the vaccine or the exemption process is why" he was being terminated. This was sent despite Vyskocil's acknowledgment in her email to Hartman January 20, 2022, that she knew Hartman believed he qualified for a medical exemption for which sought a reasonable accommodation.

162.    On or around September 12, 2022, Hartman received a letter from SOCCCD titled "Notice of Discipline of a Permanent Classified Employee" informing him of the determination by the District that he was to be terminated from employment.

163.    On or around October 18, 2022, Hartman received a letter from SOCCCD stating that he had been terminated. Hartman timely filed a charge of discrimination with DFEH and EEOC against SOCCCD. He has subsequently received a right-to-sue letter.

164.    Hartman was wrongfully terminated and unlawfully excluded from the campus despite being similarly situated to other employees who are unvaccinated and have been granted a medical exemption, for which they have been granted a reasonable accommodation

to on-site. SOCCCD also permits unvaccinated students to attend classes in-person while excluding Hartman from campus.

## CAUSES OF ACTION

**I.     FIRST CAUSE OF ACTION - The California State Legislature has Preempted the Issue of Vaccination in State Educational Facilities.**

165.     Plaintiffs re-allege and incorporate by reference the allegations in the preceding paragraphs 1 through 164, as if fully set forth herein.

166.     Since the 19th Century, the California Supreme Court has recognized the power of the Legislature to require school children to be vaccinated against diseases. *Abeel v. Clark*, (1890) 84 Cal. 226, 230, 24 P. 383. At the beginning of the 20th Century, the Legislature expanded that requirement to cover all students and employees at every state educational facility. Stats 1911, ch 134, Section 2. For over a century, the state Legislature has fully occupied the legal field related to vaccination of students and employees in state educational facilities.

167.     On November 22, 2022, the California Court of Appeal, Fourth District, published their decision in the case *Let Them Choose v. San Diego Unified School District* that the issue of vaccination in state K-12 educational facilities has been "fully occupied" by the Legislature. *Let Them Choose* v. San Diego Unified School Dist., 85 Cal.App.5th 693, Cal.App. 4 Dist., Nov 22, 2022, review denied (Feb 22, 2023). The analysis by the Court of the relevant statutes establishing preemption included California Education Code Section ("EC") 120360, which applies to community colleges. While *Let Them Breath* directly addressed the dearth of authority held by state K-12 educational facilities to implement a student vaccine mandate, the analysis clearly encompasses community college districts as a state educational facility, because the statutes that the court used to undergird their analysis of preemption show that the breadth of legislative authority contemplated by the court when

determining the "field of law" that had been preempted necessarily included community colleges. The Legislature, by declaring that the immunization requirements "shall not apply to any person 18 years of age or older, or to any person seeking admission to a community college", the Legislature expressed that persons 18 years of age or older and community colleges are encompassed in the field of law relating to vaccination in state educational facilities. CA HLTH & S Section 120360. The Legislature has declared both categories of people as exempt from state required vaccination, which is evidence that those categories are within the "field of law" occupied by the statute. The recent ruling in *Let Them Choose* by the Court of Appeal directly relates to this case, because it establishes that the vaccine mandates of GCCCD, SOCCCD, and SDCCD are preempted, as the mandates purport to regulate an area of law that the Legislature has "fully occupied." *City of Riverside, supra*, 56 Cal.4th at p. 743, 156 Cal.Rptr.3d 409, 300 P.3d 494.

168. The COVID-19 vaccination mandates as created by the GCCCD, SOCCCD, and SDCCD unlawfully seek to usurp the authority of the Legislature to determine who must be vaccinated. Therefore, we ask the Court to find that the vaccine mandates of GCCCD, SOCCCD, and SDCCD are void, and of no effect, and that they cannot be the basis for any adverse action by Defendants against any employee or student.

## II. SECOND CAUSE OF ACTION - The Vaccine Mandates of Each Community College District are Ultra Vires Acts by each of the Governing Boards

169. Plaintiffs re-allege and incorporate by reference the allegations in the preceding paragraphs 1 through 168, as if fully set forth herein.

170. "Administrative agencies are creatures of statue. They accordingly possess only the authority that Congress has provided." *NFIB v. OSHA*, 142 S.Ct. 661, 665 (2022). An agency "has no power to act...unless and until Congress confers power upon it." *La. Pub. Serv. Comm'n v. FCC*, 476 U.S. 355, 374, 106 S.Ct. 1890, 90 L.Ed.2d 369 (1986). When agencies

"act improperly, no less than when they act beyond their jurisdiction, what they do is ultra vires." *City of Arlington v. FCC*, 569 U.S. 290, 297, 133 S.Ct. 1863, 185 L.Ed.2d 941 (2013).

171.    EC 70900, et seq., grants to the Board of each District only the powers listed, and it does not grant the authority to regulate vaccination, or testing, of employees or students. There are several statutes that directly outline the extent of the authority granted by the Legislature to the Districts. Governing boards are charged with numerous responsibilities and powers, including, but not limited to, "establish academic standards" [EC 70902(b)(3)], "establish rules and regulations governing student conduct" [EC 70902(b)(7)], "establish student fees" [EC 70902(b)(9)], "[m]anage and control district property" [EC 70902(b)(6)], and "[e]mploy and assign all personnel not inconsistent with the minimum standards adopted by the board of governors and establish employment practices, salaries, and benefits for all employees not inconsistent with the laws of this state." [EC 70902(b)(4)].

172.    EC 70900, et seq., is silent regarding vaccines. There is a provision that permits any community college district to exclude "students suffering from contagious or infectious diseases." [EC 76020(a)]. This would permit the school to exclude a student who has been diagnosed with COVID-19. It may also permit testing of that same student to ensure they are no longer contagious. However, this provision does not grant the authority to require testing of employees for an illness for which they display no symptoms.

173.    "Experience should teach us to be most on our guard to protect liberty when the government's purposes are beneficent. Men born to freedom are naturally alert to repel invasion of their liberty by evil-minded rulers. The greatest dangers to liberty lurk in insidious encroachment by men of zeal, well-meaning but without understanding." *Olmstead v. United States*, 277 U.S. 438, 479 (1928) (Brandeis, J., dissenting). The vaccine mandates, as created and as applied by each of the Districts, are attempts to wield a power of vast economic and political significance, a power which has not been expressly delegated to the Districts by the

State Legislature. Therefore, we ask the Court to find that the vaccine mandates of GCCCD, SOCCCD, and SDCCD are void, and of no effect, and cannot be the basis for any adverse action by Defendants against any employee or student.

**III.     THIRD CAUSE OF ACTION - The Vaccine Mandate of GCCCD, as Applied by the Governing Board and Officials of GCCCD, Impermissibly Discriminates on the Basis of Religion, in Violation of the First Amendment Free Exercise Clause (42 U.S.C. § 1983)**

174.     Plaintiffs re-allege and incorporate by reference the allegations in the preceding paragraphs 1 through 56, as if fully set forth herein.

175.     Plaintiff Adams informed GCCCD, its Governing Board, and the agents thereof that she held religious beliefs that conflicted with the vaccine mandate of GCCCD, which was at the time an employment requirement. Plaintiff Adams requested a religious exemption and a reasonable accommodation to permit her to work on-site.

176.     Plaintiff Adams was excluded from GCCCD campus by the Officials of GCCCD after being denied a "reasonable accommodation" to work on-site without any explanation of how permitting her to work on-site would create an undue hardship on the employer. Plaintiff was required to use her accrued paid time off and accrued vacation time against her wishes to avoid losing her employment. When her accrued paid time off was depleted, she was compelled to take unpaid time off. Plaintiff was, at all times referred to herein, otherwise qualified to perform her functions as an employee, but she was denied the opportunity to do so by the Governing Board of GCCCD, and the agents thereof, as a coercive penalty for attempting to assert her right to the free exercise of religion. The Free Exercise Clause protects against laws that "impose special disabilities on the basis of religious status." *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 137 S.Ct. 2012, 2021.

177.     The vaccine mandate of GCCCD, as applied by the Officials of GCCCD, is neither "generally applicable," nor does it meet "the minimum requirement of neutrality" to

religion. It is not "generally applicable" because it provides a mechanism to consider the specific reasons for a person's conduct. *Fulton v. City of Philadelphia*, 141 S. Ct. 1868, 1877 (2021). Here, GCCCD's vaccine mandate and policies provide medical and religious exemptions on an individualized basis, and GCCCD maintains the right to extend exemptions, in whole or in part, or to change their vaccine policy at any time. For this reason, the policies are not generally applicable. As a result, the policy must survive strict scrutiny. *Id*. at 1881.

178.    The vaccine mandate, as applied, violates "the minimum requirement of neutrality" to religion because it singles out employees and students who seek a religious exemption for especially harsh treatment, while permitting unvaccinated students to attend classes in person on campus, as well as permitting unvaccinated employees who have been granted a medical exemption to work on-site at the campus. *Church of Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U.S. 520, 533, 113 S.Ct. 2217, 124 L.Ed.2d 472 (1993). Government is not free to disregard the First Amendment in times of crisis. At a minimum, that Amendment prohibits government officials from treating religious exercises worse than comparable secular activities, unless they are pursuing a compelling interest and using the least restrictive means available. *Id*. at 546. The regular practice of permitting unvaccinated medically exempt employees to work on-site as a reasonable accommodation, while regularly denying the same accommodation to unvaccinated religiously exempt employees, shows a pattern and practice of discrimination based on religious beliefs by the HR Department of GCCCD. Because the policy is neither "generally applicable," nor does it meet "the minimum requirement of neutrality" to religion, the policy must survive strict scrutiny.

179.    Additionally, GCCCD's policy, as applied, violates the First Amendment, because it denies a benefit or penalizes an employee for exercising a constitutional right. *See Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 604 (2013). GCCCD's vaccine policy, as applied, fails strict scrutiny because it is not narrowly tailored to meet a compelling

government interest. Stemming the spread of COVID–19 is, unquestionably, a compelling interest, but it is hard to see how the challenged regulations can be regarded as "narrowly tailored." They are far more restrictive than the COVID-related restrictions recommended by the Centers for Disease Control ("CDC") or the California Department of Public Health ("DPH"), neither of which have ever stated that an employee must be vaccinated or submit to asymptomatic twice weekly testing to work on-site. The Legislature has recognized CDC and DPH as the authorities in matters related to public health and vaccination. By exceeding the recommendations of those agencies, GCCCD's vaccine mandate and policies, as applied, cannot be said to be narrowly tailored.

180.    As a direct and proximate result of the Officials of GCCCD's violation of the First Amendment, Plaintiff Adams suffered, and will suffer, irreparable harm, including the loss of her fundamental constitutional rights, entitling her to declaratory and injunctive relief. Additionally, Plaintiff is entitled to nominal damages, compensatory damages in an amount to be proven at trial, and attorneys' fees under 42 U.S.C. § 1988.

**IV.    FOURTH CAUSE OF ACTION - The Vaccine Mandate of SDCCD, as Applied by the Board of Trustees and Officials of SDCCD, Impermissibly Discriminates on the Basis of Religion, in Violation of the First Amendment Free Exercise Clause (42 U.S.C. § 1983)**

181.    Plaintiffs re-allege and incorporate by reference the allegations in the preceding paragraphs 1 through 42, and 57 through 142, as if fully set forth herein.

182.    Plaintiffs Aud, Kiser, Gonzalez, and Webley informed SDCCD, its Board of Trustees, and the agents thereof that they each held religious beliefs that conflicted with the vaccine mandate of SDCCD, which was at the time an employment requirement. Each Plaintiff requested a religious exemption and a reasonable accommodation to permit them to

work on-site. SDCCD denied their requests. Aud, Kiser, Gonzalez, and Webley were excluded from campus and not permitted to work on-site.

183.    The SDCCD Board of Trustees, and the agents thereof, denied a "reasonable accommodation" as requested by Plaintiffs Aud, Kiser, Gonzalez, and Webley. Plaintiffs were, at all times referred to herein, otherwise qualified to perform their functions as employees, but were denied the opportunity to do so by the SDCCD Board of Trustees, and the agents thereof, as a coercive penalty for attempting to assert their right to free exercise of religion. The Free Exercise Clause protects against laws that "impose special disabilities on the basis of religious status." *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 137 S.Ct. 2012, 2021.

184.    The vaccine mandate of SDCCD, as applied, is not "generally applicable," because it provides a mechanism to consider the specific reasons for a person's conduct. *Fulton v. City of Philadelphia*, 141 S. Ct. 1868, 1877 (2021). Herein, SDCCD's vaccine mandate and policies provide medical and religious exemptions on an individualized basis, and SDCCD maintains the right to extend exemptions, in whole or in part, or to change their vaccine policy at any time. For this reason, the policies are not generally applicable. As a result, the policy must survive strict scrutiny. *Id*. at 1881.

185.    The vaccine mandate of SDCCD, on its face, and as applied, violates "the minimum requirement of neutrality" to religion. *Church of Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U.S. 520, 533, 113 S.Ct. 2217, 124 L.Ed.2d 472 (1993). The policy cannot be viewed as neutral because it singles out employees and students who seek a religious exemption for especially harsh treatment, while permitting unvaccinated students to attend classes in person on campus, as well as permitting unvaccinated employees who have been granted a medical exemption to work on-site at the campus. The regular practice of permitting unvaccinated, medically-exempt, employees to work on-site as a reasonable accommodation, while regularly denying the same accommodation to unvaccinated religiously exempt

employees, shows a pattern and practice of discrimination, based on religious beliefs, by the HR Department of SDCCD. Because the policy is neither "generally applicable," nor does it meet "the minimum requirement of neutrality" to religion, the policy must survive strict scrutiny.

186.    Additionally, SDCCD's policy violates the First Amendment, because it denies a benefit or penalizes an employee for exercising a constitutional right. *See Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 604 (2013). SDCCD's vaccine policy fails strict scrutiny because it is not narrowly tailored to meet any compelling government interest. Stemming the spread of COVID–19 is, unquestionably, a compelling interest, but it is hard to see how the challenged regulations can be regarded as "narrowly tailored." They are far more restrictive than the COVID-related restrictions recommended by the CDC or the DPH, neither of which have ever stated that an employee must be vaccinated or submit to twice weekly testing to work on-site. The Legislature has recognized CDC and DPH as the authorities in matters related to public health and vaccination. By exceeding the recommendations of those agencies, SDCCD's vaccine mandate and policies cannot be said to be narrowly tailored.

187.    As a direct and proximate result of SDCCD's violation of the First Amendment, Plaintiffs Aud, Kiser, Gonzalez, and Webley have suffered, and will suffer, irreparable harm, including the loss of their fundamental constitutional rights, entitling them to declaratory and injunctive relief. Additionally, Plaintiffs are entitled to nominal damages, compensatory damages in an amount to be proven at trial, and attorneys' fees under 42 U.S.C. § 1988.

**V.      FIFTH CAUSE OF ACTION – GCCCD Violated Title VII of the Civil Rights Act of 1964, by Subjecting Plaintiff Adams to Disparate Treatment Due to her Religious Beliefs**

188.    Plaintiffs re-allege and incorporate by reference the allegations in the preceding paragraphs 1 through 56, as if fully set forth herein.

189.    Title VII, under 42 U.S.C. §2000e, et seq., provides broad workplace protections for people with sincere religious beliefs. It is unlawful for an employer to "exclude or to suspend an employee, or otherwise to discriminate against any individual because of his race, color, religion, sex, or national origin." 42 U.S.C. §2000e-2(c)(1).

190.    Title VII of the Civil Rights Act of 1964 applies to employees seeking reasonable accommodations from their employers for sincerely held religious beliefs.

191.    United States Code section 2000e-2(a) states that "it shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

192.    Plaintiff Adams is informed and believes, and thereon alleges, that GCCCD, the Governing Board, and the agents thereof have discriminated against her based on her religious beliefs, in violation of Title VII of the Civil Rights Act of 1964.

193.    Plaintiffs Adams informed GCCCD, the Governing Board, and the agents thereof that she held religious beliefs that conflicted with the vaccine mandate of GCCCD, which was at the time an employment requirement. Plaintiff requested a religious exemption and a reasonable accommodation to permit her to work on-site.

194.    GCCCD, the Governing Board, and the agents thereof denied her requested reasonable accommodation, without any explanation of how permitting her to work on-site would create an undue hardship on the employer, and, instead, required her to take paid time-off and unpaid leave if she refused to accept the vaccine. Plaintiff Adams considers this a form

of discipline and adverse employment action in response to her refusal to comply with the vaccine mandate because it deprived her of the opportunity to earn income and consumed her accrued paid time-off against her wishes.

195. Plaintiff is informed and believes, and thereon alleges, that GCCCD, the Governing Board, and the agents thereof granted to unvaccinated employees who requested, and were granted, a medical exemption a reasonable accommodation that permitted those employees to work on-site at the campus. Adams is similarly situated to the unvaccinated employees who have been granted a medical exemption, due to both groups being unvaccinated and performing substantially similar functions in substantially similar environments at the campus.

196. GCCCD, the Governing Board, and the agents thereof permitted unvaccinated students to attend classes in person at the same time. Adams is similarly situated to these students, because both groups are unvaccinated and attend substantially similar environments on campus.

197. GCCCD, the Governing Board, and agents thereof have subjected Adams to disparate treatment in response to her request for a religious exemption and reasonable accommodation to the COVID-19 vaccine mandate, as compared to the similarly situated employees who have sought an exemption for medical reasons. GCCCD, the Governing Board, and agents thereof showed preferential treatment to employees who sought to be exempt from the vaccine mandate for secular reasons, and students, while imposing harsh conditions upon employees who sought exemption for religious reasons.

**VI.    SIXTH CAUSE OF ACTION – GCCCD Violated Title VII of the Civil Rights Act of 1964 by Failing to Accommodate Plaintiff Adams**

198. Plaintiffs re-allege and incorporate by reference the allegations in the preceding paragraphs 1 through 56, as if fully set forth herein.

199.     Adams is informed and believes, and thereon alleges, that GCCCD, the Governing Board, and the agents thereof have discriminated against her based on her religious beliefs, in violation of Title VII of the Civil Rights Act of 1964.

200.     Plaintiff informed GCCCD, the Governing Board, and the agents thereof that she held religious beliefs that conflicted with the vaccine mandate of GCCCD, which was at the time an employment requirement. Plaintiff requested a religious exemption and a reasonable accommodation to permit her to work on-site.

201.     GCCCD, the Governing Board, and the agents thereof denied her requested reasonable accommodation without any explanation of how permitting her to work on-site would create an undue hardship on the employer, and, instead, required her to take paid time-off and unpaid leave if she refused to accept the vaccine. Plaintiff considers this a form of discipline and adverse employment action in response to her request for an exemption from the vaccine mandate because it deprived Plaintiff of the opportunity to earn income and consumed her accrued paid time-off against her wishes.

## VII.     SEVENTH CAUSE OF ACTION – SOCCCD Failed to Accommodate Plaintiff Hartman

202.     Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs 1 through 42 and 143 through 164, as if fully set forth herein.

203.     Hartman informed SOCCCD, the Board of Trustees, and the agents thereof that, due to a medical condition, he sought an exemption from the vaccine mandate of SOCCCD, which was at the time an employment requirement. Plaintiff requested a medical exemption and a reasonable accommodation to permit them to work on-site.

204.     SOCCCD, its Board of Trustees, and the agents thereof denied his requested reasonable accommodation, without any explanation of how permitting him to work on-site would create an undue hardship on the employer, and, instead, required him to take paid leave

and unpaid leave if he refused to accept the vaccine. Plaintiff considers this a form of discipline and adverse employment action in response to his refusal to comply with the vaccine mandate because it deprived Hartman of the opportunity to earn income and consumed his accrued paid time-off against his wishes.

205.    Hartman was able to perform the essential duties of his current position or a vacant alternative position to which he could have been reassigned with reasonable accommodation for his inability to receive the vaccine.

206.    SOCCCD, its Board of Trustees, and the agents thereof, failed to provide a reasonable accommodation for Plaintiff Hartman.

207.    Plaintiff Hartman was harmed, and SOCCCD's failure to provide reasonable accommodation was a substantial factor in causing Hartman's harm.

VIII.   **EIGHTH CAUSE OF ACTION – SDCCD Violated Title VII of the Civil Rights Act of 1964, by Subjecting Plaintiffs Aud, Kiser, Gonzalez, and Webley to Disparate Treatment Due to their Religious Beliefs**

208.    Plaintiffs re-allege and incorporate by reference the allegations in the preceding paragraphs 1 through 42 and 57 through 142, as if fully set forth herein.

209.    Title VII, under 42 U.S.C. §2000e, et seq., provides broad workplace protections for people with sincere religious beliefs. It is unlawful for an employer to "exclude or to suspend an employee, or otherwise to discriminate against any individual because of his race, color, religion, sex, or national origin." 42 U.S.C. §2000e-2(c)(1).

210.    Title VII of the Civil Rights Act of 1964 applies to employees seeking reasonable accommodations from their employers for sincerely held religious beliefs.

211.    United States Code section 2000e-2(a) states that "it shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his

compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

212.    Plaintiffs Aud, Kiser, Gonzalez, and Webley are informed and believe, and thereon allege that SDCCD, its Board of Trustees, and the agents thereof have discriminated against them based on their religious beliefs in violation of Title VII of the Civil Rights Act of 1964.

213.    Plaintiffs Aud, Kiser, Gonzalez, and Webley informed SDCCD, its Board of Trustees, and the agents thereof that they each held religious beliefs that conflicted with the vaccine mandate of SDCCD, which was at the time an employment requirement. Each Plaintiff requested a religious exemption and a reasonable accommodation to permit them to work on-site.

214.    SDCCD, its Board of Trustees, and the agents thereof denied them their requested reasonable accommodation without any explanation of how permitting them to work on-site would create an undue hardship on the employer, and, instead, required them to take paid time-off and unpaid leave if they refused to accept the vaccine. Plaintiffs Aud, Kiser, Gonzalez, and Webley consider this a form of discipline and adverse employment action in response to their refusal to comply with the vaccine mandate, because it deprived them of the opportunity to earn income and it consumed their accrued paid time-off against their wishes.

215.    Plaintiffs Aud, Kiser, Gonzalez, and Webley are informed and believe, and thereon allege that SDCCD, its Board of Trustees, and the agents thereof granted to unvaccinated employees who requested, and were granted, a medical exemption a reasonable accommodation that permitted those employees to work on-site at the campus. Plaintiffs are

similarly situated to the unvaccinated employees who have been granted a medical exemption due to both groups being unvaccinated and performing substantially similar functions in substantially similar environments at the campus.

216. SDCCD, its Board of Trustees, and the agents thereof permitted unvaccinated students to attend classes in person while they denied Plaintiffs access to campus to work at the same time. Plaintiffs are similarly situated to these students because both groups are unvaccinated and attend substantially similar environments on campus.

217. SDCCD, its Board of Trustees, and agents thereof have subjected Plaintiffs Aud, Kiser, Gonzalez, and Webley to disparate treatment in response to their request for a religious exemption and reasonable accommodation to the COVID-19 vaccine mandate, as compared to the similarly situated employees who have sought an exemption for medical reasons. SDCCD, its Board of Trustees, and agents thereof showed preferential treatment to employees and students who sought to be exempt from the vaccine mandate for secular reasons, while imposing adverse employment conditions upon employees who sought exemption for religious reasons.

IX. **NINTH CAUSE OF ACTION – SDCCD Violated Title VII of the Civil Rights Act of 1964, by Failing to Accommodate Plaintiffs Aud, Kiser, Gonzalez, and Webley**

218. Plaintiffs re-allege and incorporate by reference the allegations in the preceding paragraphs 1 through 42 and 57 through 142, as if fully set forth herein.

219. Plaintiffs Aud, Kiser, Gonzalez, and Webley are informed and believe, and thereon allege, that SDCCD, its Board of Trustees, and the agents thereof have discriminated against them based on their religious beliefs in violation of Title VII of the Civil Rights Act of 1964.

220. Plaintiffs Aud, Kiser, Gonzalez, and Webley informed SDCCD, its Board of Trustees, and the agents thereof that they each held religious beliefs that conflicted with the

vaccine mandate of SDCCD, which was at the time an employment requirement. Each Plaintiff requested a religious exemption and a reasonable accommodation to permit them to work on-site.

221. SDCCD, its Board of Trustees, and the agents thereof denied them their requested reasonable accommodation without any explanation of how permitting them to work on-site would create an undue hardship on the employer, and, instead, required them to take paid time-off and unpaid leave if they refused to accept the vaccine. Plaintiffs Aud, Kiser, Gonzalez, and Webley consider this a form of discipline and adverse employment action in response to their refusal to comply with the vaccine mandate, because it deprived Plaintiffs of the opportunity to earn income and it consumed their accrued paid time-off against their wishes.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs, on behalf of themselves and all others similarly situated, respectfully pray for judgment in their favor, and ask this Court to enter judgment as follows:

1. For a declaratory judgement that GCCCD's vaccine policy is preempted by state law;

2. For a declaratory judgement that SOCCCD's vaccine policy is preempted by state law;

3. For a declaratory judgement that SDCCD's vaccine policy is preempted by state law;

4. For a declaratory judgement that the implementation of GCCCD's vaccine policy by its Board was an ultra vires act and void ab initio;

5. For a declaratory judgement that the implementation of SOCCCD's vaccine policy by its Board was an ultra vires act and void ab initio;

6. For a declaratory judgement that the implementation of SDCCD's vaccine policy by its Board was an ultra vires act and void ab initio;

7. For a declaratory judgement that GCCCD, its Governing Board, and its agents violated Title VII of the Civil Rights Act of 1964, in their application of the GCCCD vaccine

mandate against Alysha Adams for disparate treatment;

8. For a declaratory judgement that GCCCD, its Governing Board, and its agents violated Title VII of the Civil Rights Act of 1964, in their application of the GCCCD vaccine mandate against Alysha Adams for failure to accommodate;

9. For a declaratory judgement that SOCCCD, its Board of Trustees, and its agents failed to accommodate Rob Hartman;

10. For a declaratory judgement that SDCCD, its Board of Trustees, and its agents violated Title VII of the Civil Rights Act of 1964, in their application of the SDCCD vaccine mandate against Joanna Aud for disparate treatment;

11. For a declaratory judgement that SDCCD, its Board of Trustees, and its agents violated Title VII of the Civil Rights Act of 1964, in their application of the SDCCD vaccine mandate against Joanna Aud for failure to accommodate;

12. For a declaratory judgement that SDCCD, its Board of Trustees, and its agents violated Title VII of the Civil Rights Act of 1964, in their application of the SDCCD vaccine mandate against Tracey Kiser for disparate treatment;

13. For a declaratory judgement that SDCCD, its Board of Trustees, and its agents violated Title VII of the Civil Rights Act of 1964, in their application of the SDCCD vaccine mandate against Tracey Kiser for failure to accommodate;

14. For a declaratory judgement that SDCCD, its Board of Trustees, and its agents violated Title VII of the Civil Rights Act of 1964, in their application of the SDCCD vaccine mandate against Sandy Gonzalez for disparate treatment;

15. For a declaratory judgement that SDCCD, its Board of Trustees, and its agents violated Title VII of the Civil Rights Act of 1964, in their application of the SDCCD vaccine mandate against Sandy Gonzalez for failure to accommodate;

16. For a declaratory judgement that SDCCD, its Board of Trustees, and its agents violated

Title VII of the Civil Rights Act of 1964, in their application of the SDCCD vaccine mandate against Kirk Webley for disparate treatment;

17. For a declaratory judgement that SDCCD, its Board of Trustees, and its agents violated Title VII of the Civil Rights Act of 1964, in their application of the SDCCD vaccine mandate against Kirk Webley for failure to accommodate;

18. For temporary, preliminary, and permanent injunctive relief enjoining Defendants, the GCCCD Governing Board, Lynn Neault, Debbie Justeson, Elena Adams, Brad Monroe, Linda Cartwright, Julie Schorr, and Aimee Gallagher from enforcing GCCCD's vaccine policy and taking any adverse employment action against the Plaintiff Alysha Adams based upon her refusal to take the COVID-19 vaccine or booster according to her deeply held religious beliefs;

19. For temporary, preliminary, and permanent injunctive relief enjoining Defendants the SOCCCD Board of Trustees, Kathleen F. Burke, Marcia Milchiker, Timothy Jemal, Carolyn Inmon, Barbara J. Jay, T.J. Prendergast III, James R. Wright, Terri Whitt Rydell, Cindy Vyskocil, Elliot Stern, and John C. Hernandez from enforcing SOCCCD's vaccine policy and taking any adverse employment action against the Plaintiff Rob Hartman based upon his refusal to take the COVID-19 vaccine or booster;

20. For temporary, preliminary, and permanent injunctive relief enjoining Defendants the SDCCD Board of Trustees, Carlos O. Turner Cortez, Bernie Rhinerson, Craig Milgrim, Geysil Arroyo, Maria Nieto Senour, Mary Graham, and Greg Smith from enforcing SDCCD's vaccine policy and taking any adverse employment action against the Plaintiffs Aud, Kiser, Gonzalez, and Webley based upon their refusal to take the COVID-19 vaccine or booster according to their deeply held religious beliefs;

21. Nominal damages for violation of Plaintiffs civil rights;

22. For damages in an amount to be proven at trial;

23. For costs, attorneys' fees, and interest, as allowed by law; and

24. For such other relief the Court determines is proper.

## X.     JURY DEMAND

Plaintiffs demand trial by jury.

Respectfully Submitted,

Dated:  March 9, 2023

/s/ Gary Kreep
_____
Gary G. Kreep
Counsel for Plaintiffs

**EXHIBIT B**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SEE ATTACHMENT

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ALYSHA ADAMS, JOANNA AUD, TRACEY KISER, SANDY GONZALEZ, KIRK WEBLEY, ROB
HARTMAN

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**03/09/2023** at 06:44:42 PM

Clerk of the Superior Court
By Mary Kaneshiro,Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Superior Court of California, County of San Diego, ~~Central Courthouse, 1100 Union Street, San Diego, 92110~~ MK <br> Hall of Justice 330 W Broadway San Diego, CA 92101 | **CASE NUMBER:** <br> *(Número del Caso):* <br> 37-2023-00013487-CU-CR-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gary G. Kreep, 932 D Street, Suite #1, Ramona, CA  92065

| | | | |
|---|---|---|---|
| DATE: ~~March 9, 2023~~  04/03/2023  MK <br> *(Fecha)* | Clerk, by <br> *(Secretario)* | *M. Kreep*  M. Kaneshiro | , Deputy <br> *(Adjunto)* |

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

ATTACHMENT FOR SUMMONS FORM SUM-100

IN THE CASE

ADAMS V. GROSSMONT CUYAMACA COMMUNITY COLLEGE DISTRICT

DEFENDANTS:

GROSSMONT CUYAMACA COMMUNITY COLLEGE DISTRICT, LYNN NEAULT,
GROSSMONT CUYAMACA COMMUNITY COLLEGE DISTRICT GOVERNING BOARD,
DEBBIE JUSTESON, ELENA ADAMS, BRAD MONROE, LINDA CARTWRIGHT, JULIE
SCHORR, AIMEE GALLAGHER, SAN DIEGO COMMUNITY COLLEGE DISTRICT,
CARLOS O. TURNER CORTEZ, SAN DIEGO COMMUNITY COLLEGE DISTRICT
BOARD OF TRUSTEES, BERNIE RHINERSON, CRAIG MILGRIM, GEYSIL ARROYO,
MARIA NIETO SENOUR, MARY GRAHAM, GREG SMITH, SOUTH ORANGE COUNTY
COMMUNITY COLLEGE DISTRICT, KATHLEEN F. BURKE, SOUTH ORANGE
COUNTY COMMUNITY COLLEGE DISTRICT BOARD OF TRUSTEES, MARCIA
MILCHIKER, TIMOTHY JEMAL, CAROLYN INMON, BARBARA J. JAY, T.J.
PRENDERGAST III, JAMES R. WRIGHT, TERRI WHITT RYDELL, CINDY VYSKOCIL,
ELLIOT STERN, JOHN C. HERNANDEZ

**EXHIBIT C**

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Gary G. Kreep    SBN: 066482
932 D Street, Suite #1, Ramona CA 92065

TELEPHONE NO.: 760-803-4029    FAX NO. (Optional):
E-MAIL ADDRESS: gary@ggkmail.us
ATTORNEY FOR (Name): ALYSHA ADAMS, JOANNA AUD, TRACEY KISER, SANDY GONZ...

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**03/09/2023** at 06:44:42 PM

Clerk of the Superior Court
By Mary Kaneshiro,Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 1100 Union St
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego 92110
BRANCH NAME: Central

CASE NAME:
ADAMS v. GROSSMONT CUYAMACA COMMUNITY COLLEGE DISTRICT

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 37-2023-00013487-CU-CR-CTL |
| | | | JUDGE: Judge Richard S. Whitney |
| | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[x] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): Preemption, Ultra Vires, Discrimination on the Basis of Religion, Disparate Treatment, Failur
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: March 9, 2023
Gary G. Kreep

(TYPE OR PRINT NAME)        ▶        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev.September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courts.ca.gov |
|---|---|---|

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
  Property Damage/Wrongful Death)
  Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
  Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**EXHIBIT D**

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Gary G. Kreep     SBN: 066482<br>932 D Street, Suite #1,<br>Ramona CA 92065<br><br>TELEPHONE NO.: 760-803-4029     FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* gary@ggkmail.us<br>ATTORNEY FOR *(Name):* ALYSHA ADAMS, JOANNA AUD, TRACEY KISE | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**03/09/2023** at 06:44:42 PM<br>Clerk of the Superior Court<br>By Mary Kaneshiro, Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego | |
|---|---|
| STREET ADDRESS: 1100 Union St | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: San Diego  92110 | |
| BRANCH NAME: Central | |

| PLAINTIFF/PETITIONER: ALYSHA ADAMS, JOANNA AUD, TRACEY K | CASE NUMBER:<br>37-2023-00013487-CU-CR-CTL |
|---|---|
| DEFENDANT/RESPONDENT: GROSSMONT CUYAMACA COMMUNITY CO | JUDICIAL OFFICER:<br>Judge Richard S. Whitney |
| **NOTICE OF RELATED CASE** | DEPT.: |

---

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1.  a.  Title: George et al. v. Grossmont Cuyamaca Community College District et al.

    b.  Case number: 22CV424-BAS-DDL

    c.  Court: ☐ same as above

    ☑ other state or federal court *(name and address):* US Dist Court, Southern Dist of California

    d.  Department:

    e.  Case type: ☐ limited civil ☑ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

    f.  Filing date: 3/31/22

    g.  Has this case been designated or determined as "complex?" ☐ Yes ☑ No

    h.  Relationship of this case to the case referenced above *(check all that apply):*

    ☐ involves the same parties and is based on the same or similar claims.

    ☑ arises from the same or substantially identical transactions, incidents, or events requiring the determination of
    the same or substantially identical questions of law or fact.

    ☐ involves claims against, title to, possession of, or damages to the same property.

    ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

    ☐ Additional explanation is attached in attachment 1h

    i.  Status of case:
    ☑ pending

    ☐ dismissed ☐ with ☐ without prejudice

    ☐ disposed of by judgment

2.  a.  Title:

    b.  Case number:

    c.  Court: ☐ same as above

    ☐ other state or federal court *(name and address):*

    d.  Department:

Form Approved for Optional Use<br>Judicial Council of California<br>CM-015 [Rev. July 1, 2007]     **NOTICE OF RELATED CASE**     Cal. Rules of Court, rule 3.300<br>www.courtinfo.ca.gov

CM-015

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: ALYSHA ADAMS, JOANNA AUD, TRACEY | |
| DEFENDANT/RESPONDENT: GROSSMONT CUYAMACA COMMUNITY | |

2. *(continued)*

   e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

   f. Filing date:

   g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

   h. Relationship of this case to the case referenced above *(check all that apply):*

      ☐ involves the same parties and is based on the same or similar claims.

      ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☐ involves claims against, title to, possession of, or damages to the same property.

      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

         ☐ Additional explanation is attached in attachment 2h

   i. Status of case:

      ☐ pending

      ☐ dismissed ☐ with ☐ without prejudice

      ☐ disposed of by judgment

3.  a. Title:

   b. Case number:

   c. Court: ☐ same as above

       ☐ other state or federal court *(name and address):*

   d. Department:

   e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

   f. Filing date:

   g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

   h. Relationship of this case to the case referenced above *(check all that apply):*

      ☐ involves the same parties and is based on the same or similar claims.

      ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☐ involves claims against, title to, possession of, or damages to the same property.

      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

         ☐ Additional explanation is attached in attachment 3h

   i. Status of case:

      ☐ pending

      ☐ dismissed ☐ with ☐ without prejudice

      ☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: March 9, 2023

Gary G. Kreep
_____
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

CM-015

| | |
|---|---|
| PLAINTIFF/PETITIONER: ALYSHA ADAMS, JOANNA AUD, TRACEY | CASE NUMBER: |
| DEFENDANT/RESPONDENT: GROSSMONT CUYAMACA COMMUNITY C | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:
   a. on *(date):*
   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:
   a. Name of person served:

      Street address:
      City:
      State and zip code:

   c. Name of person served:

      Street address:
      City:
      State and zip code:

   b. Name of person served:

      Street address:
      City:
      State and zip code:

   d. Name of person served:

      Street address:
      City:
      State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ▶          _____
(TYPE OR PRINT NAME OF DECLARANT)                    (SIGNATURE OF DECLARANT)

# EXHIBIT E

**U.S. District Court**
**Southern District of California (San Diego)**
**CIVIL DOCKET FOR CASE #: 3:22-cv-00424-AGS-DDL**

George et al v. Grossmont Cuyamaca Community College District
Board Of Governors et al
Assigned to: District Judge Andrew G. Schopler
Referred to: Magistrate Judge David D. Leshner
Cause: 21:0360 Federal Food, Drug & Cosmetic Act - Drugs and
Devices

Date Filed: 03/30/2022
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

| Date Filed | # | Docket Text |
|---|---|---|
| 03/30/2022 | 1 | COMPLAINT With Jury Demand Against Grossmont Cuyamaca Community College District Board Of Governors, Lynn Neault, GCCCD Board Of Trustees, Debbie Justeson, Elena Adams, Brad Monroe, Linda Cartwright, Julie Schorr, Benjamin Blevins, Kristie Macogay, Aimee Gallagher, San Diego Community College District, Carlos O. Turner Cortez, SDCCD Board Of Trustees, Bernie Rhinerson, Craig Milgrim, Geysil Arroyo, Maria Nieto Senour, Mary Graham, Greg Smith, South Orange County Community College District, Kathleen F. Burke, SOCCCD Board Of Trustees, Marcia Milchiker, Timothy Jemal, Carolyn Inmon, Barbara J. Jay, T.J. Prendergast III, James R. Wright, Terri Whitt Rydell, Cindy Vyskocil, Elliot Stern, John C. Hernandez (Filing fee $402.00 receipt number ACASDC-16697408.), filed by Judy George, Patricia Sparks, Carlos De La Lama, Dora Meza, Jess Perez, Paul Bonkowski, Mary Kate Planeta. (Attachments: # 1 Civil Cover Sheet)<br><br>The new case number is 3:22-cv-424-L-BLM. Judge M. James Lorenz and Magistrate Judge Barbara Lynn Major are assigned to the case. (Kreep, Gary)(cxt)(jrd) (Entered: 03/31/2022) |
| 03/31/2022 | 2 | Summons Issued.<br>**Counsel receiving this notice electronically should print this summons and serve it in accordance with Rule 4, Fed.R.Civ.P and LR 4.1.** (cxt)(jrd) (Entered: 03/31/2022) |
| 06/20/2022 | 3 | CERTIFICATE OF SERVICE by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks (Kreep, Gary) (Entered: 06/20/2022) |
| 06/20/2022 | 4 | CERTIFICATE OF SERVICE by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks (Kreep, Gary) (anh). (Entered: 06/20/2022) |
| 06/20/2022 | 5 | CERTIFICATE OF SERVICE by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks (Kreep, Gary) (anh). (Entered: 06/20/2022) |
| 06/20/2022 | 6 | CERTIFICATE OF SERVICE by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks (Kreep, Gary) (anh). (Entered: 06/20/2022) |
| 06/20/2022 | 7 | CERTIFICATE OF SERVICE by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks *service on Elena Adams* (Kreep, Gary) (anh). (Entered: 06/20/2022) |

| 06/20/2022 | 8 | CERTIFICATE OF SERVICE by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks *service on Debbie Justeson* (Kreep, Gary) (anh). (Entered: 06/20/2022) |
|---|---|---|
| 06/20/2022 | 9 | CERTIFICATE OF SERVICE by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks *service on Corp Entity2* (Kreep, Gary) (anh). (Entered: 06/20/2022) |
| 06/20/2022 | 10 | CERTIFICATE OF SERVICE by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks *service on Corp Entity* (Kreep, Gary) (anh). (Entered: 06/20/2022) |
| 06/20/2022 | 11 | CERTIFICATE OF SERVICE by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks *service on Brad Monroe* (Kreep, Gary) (anh). (Entered: 06/20/2022) |
| 06/20/2022 | 12 | CERTIFICATE OF SERVICE by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks *service on Benjamin Blevins* (Kreep, Gary) (anh). (Entered: 06/20/2022) |
| 06/20/2022 | 13 | CERTIFICATE OF SERVICE by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks *service on Aimee Gallagher* (Kreep, Gary)(anh). (Entered: 06/20/2022) |
| 06/20/2022 | 14 | CERTIFICATE OF SERVICE by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks *service on Bernie Rhinerson* (Kreep, Gary) (anh). (Entered: 06/20/2022) |
| 06/20/2022 | 15 | CERTIFICATE OF SERVICE by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks *service on Carlos Cortez* (Kreep, Gary) (anh). (Entered: 06/20/2022) |
| 06/20/2022 | 16 | CERTIFICATE OF SERVICE by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks *service on Corp Entity* (Kreep, Gary) (anh). (Entered: 06/20/2022) |
| 06/20/2022 | 17 | CERTIFICATE OF SERVICE by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks *service on Corp Entity2* (Kreep, Gary) (anh). (Entered: 06/20/2022) |
| 06/20/2022 | 18 | CERTIFICATE OF SERVICE by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks *service on Craig Milgrim* (Kreep, Gary) (anh). (Entered: 06/20/2022) |
| 06/20/2022 | 19 | CERTIFICATE OF SERVICE by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks *service on Edward Borek* (Kreep, Gary) (anh). (Entered: 06/20/2022) |
| 06/20/2022 | 20 | CERTIFICATE OF SERVICE by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks *service on Geysil Arroyo* (Kreep, Gary) (anh). (Entered: 06/20/2022) |
| 06/20/2022 | 21 | CERTIFICATE OF SERVICE by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks *service on Greg Smith* (Kreep, Gary) (anh). (Entered: 06/20/2022) |
| 06/20/2022 | 22 | CERTIFICATE OF SERVICE by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks *service on Maria Nieto Senour* (Kreep, Gary) (anh). (Entered: 06/20/2022) |

| 06/20/2022 | 23 | CERTIFICATE OF SERVICE by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks *service on Mary Graham* (Kreep, Gary) (anh). (Entered: 06/20/2022) |
| --- | --- | --- |
| 06/20/2022 | 24 | CERTIFICATE OF SERVICE by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks *service on Natalia Trinh* (Kreep, Gary) (anh). (Entered: 06/20/2022) |
| 06/20/2022 | 25 | CERTIFICATE OF SERVICE by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks *service on Victoria Owusu* (Kreep, Gary) (anh). (Entered: 06/20/2022) |
| 06/20/2022 | 26 | WAIVER OF SERVICE Returned Executed by Dora Meza, Judy George, Paul Bonkowski, Mary Kate Planeta, Patricia Sparks, Jess Perez, Carlos De La Lama, as to Barbara J. Jay. (Kreep, Gary) (anh). (Entered: 06/20/2022) |
| 06/20/2022 | 27 | WAIVER OF SERVICE Returned Executed by Dora Meza, Judy George, Paul Bonkowski, Mary Kate Planeta, Patricia Sparks, Jess Perez, Carlos De La Lama, as to Carolyn Inmon. (Kreep, Gary) (anh). (Entered: 06/20/2022) |
| 06/20/2022 | 28 | WAIVER OF SERVICE Returned Executed by Dora Meza, Judy George, Paul Bonkowski, Mary Kate Planeta, Patricia Sparks, Jess Perez, Carlos De La Lama, as to Cindy Vyskocil. (Kreep, Gary) Modified on (anh). (Entered: 06/20/2022) |
| 06/20/2022 | 29 | WAIVER OF SERVICE Returned Executed by Dora Meza, Judy George, Paul Bonkowski, Mary Kate Planeta, Patricia Sparks, Jess Perez, Carlos De La Lama, as to Elliot Stern. (Kreep, Gary) (anh). (Entered: 06/20/2022) |
| 06/20/2022 | 30 | WAIVER OF SERVICE Returned Executed by Dora Meza, Judy George, Paul Bonkowski, Mary Kate Planeta, Patricia Sparks, Jess Perez, Carlos De La Lama, as to James R. Wright. (Kreep, Gary) (anh). (Entered: 06/20/2022) |
| 06/20/2022 | 31 | WAIVER OF SERVICE Returned Executed by Dora Meza, Judy George, Paul Bonkowski, Mary Kate Planeta, Patricia Sparks, Jess Perez, Carlos De La Lama, as to John C. Hernandez. (Kreep, Gary) (anh). (Entered: 06/20/2022) |
| 06/20/2022 | 32 | WAIVER OF SERVICE Returned Executed by Dora Meza, Judy George, Paul Bonkowski, Mary Kate Planeta, Patricia Sparks, Jess Perez, Carlos De La Lama, as to Kathleen F. Burke. (Kreep, Gary) (anh). (Entered: 06/20/2022) |
| 06/20/2022 | 33 | WAIVER OF SERVICE Returned Executed by Dora Meza, Judy George, Paul Bonkowski, Mary Kate Planeta, Patricia Sparks, Jess Perez, Carlos De La Lama, as to Marcia Milchiker. (Kreep, Gary) (anh). (Entered: 06/20/2022) |
| 06/20/2022 | 34 | WAIVER OF SERVICE Returned Executed by Dora Meza, Judy George, Paul Bonkowski, Mary Kate Planeta, Patricia Sparks, Jess Perez, Carlos De La Lama, as to Setarra Martin. (Kreep, Gary) (anh). (Entered: 06/20/2022) |
| 06/20/2022 | 35 | WAIVER OF SERVICE Returned Executed by Dora Meza, Judy George, Paul Bonkowski, Mary Kate Planeta, Patricia Sparks, Jess Perez, Carlos De La Lama, as to South Orange County Community College District. (Kreep, Gary) (anh). (Entered: 06/20/2022) |
| 06/20/2022 | 36 | WAIVER OF SERVICE Returned Executed by Dora Meza, Judy George, Paul Bonkowski, Mary Kate Planeta, Patricia Sparks, Jess Perez, Carlos De La Lama, as to SOCCCD Board Of Trustees. (Kreep, Gary) (anh). (Entered: 06/20/2022) |
| 06/20/2022 | 37 | WAIVER OF SERVICE Returned Executed by Dora Meza, Judy George, Paul Bonkowski, Mary Kate Planeta, Patricia Sparks, Jess Perez, Carlos De La Lama, as to T.J. |

| | | Prendergast III. (Kreep, Gary) (anh). (Entered: 06/20/2022) |
|---|---|---|
| 06/20/2022 | [38](#) | WAIVER OF SERVICE Returned Executed by Dora Meza, Judy George, Paul Bonkowski, Mary Kate Planeta, Patricia Sparks, Jess Perez, Carlos De La Lama, as to Terri Whitt Rydell. (Kreep, Gary) (anh). (Entered: 06/20/2022) |
| 06/20/2022 | [39](#) | WAIVER OF SERVICE Returned Executed by Dora Meza, Judy George, Paul Bonkowski, Mary Kate Planeta, Patricia Sparks, Jess Perez, Carlos De La Lama, as to Timothy Jemal. (Kreep, Gary) (anh). (Entered: 06/20/2022) |
| 06/20/2022 | [40](#) | Ex Parte MOTION for Temporary Restraining Order by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks. (Attachments: # [1](#) Memo of Points and Authorities, # [2](#) Declaration, # [3](#) Declaration, # [4](#) Declaration, # [5](#) Declaration, # [6](#) Declaration, # [7](#) Declaration, # [8](#) Declaration, # [9](#) Declaration, # [10](#) Declaration, # [11](#) Declaration, # [12](#) Declaration, # [13](#) Declaration, # [14](#) Declaration, # [15](#) Declaration, # [16](#) Declaration, # [17](#) Declaration, # [18](#) Declaration, # [19](#) Declaration, # [20](#) Declaration, # [21](#) Declaration, # [22](#) Declaration, # [23](#) Declaration, # [24](#) Declaration, # [25](#) Declaration, # [26](#) Declaration, # [27](#) Declaration)(Kreep, Gary) (anh). (Entered: 06/20/2022) |
| 06/22/2022 | 41 | MINUTE ORDER OF TRANSFER. Judge M. James Lorenz is no longer assigned. Case reassigned to Judge Cynthia Bashant for all further proceedings. The new case number is 22cv424-BAS-BLM.(no document attached) (fth) (Entered: 06/22/2022) |
| 06/23/2022 | [42](#) | ORDER Requiring Response to Ex Parte Application for Temporary Restraining Order - The Court ORDERS Defendants to file a response by Friday, July 1, 2022. The Court ORDERS Plaintiffs to serve a copy of this order on Defendants (or their counsel where applicable) no later than Friday, June 24, 2022. Plaintiffs must file a single declaration confirming this service no later than Monday, June 27, 2022.. Signed by Judge Cynthia Bashant on 6/23/2022.(ave) (Entered: 06/23/2022) |
| 06/27/2022 | [43](#) | AFFIDAVIT of Service for ORDER REQUIRING RESPONSE served on Arash Arjang on 6/24/2022, filed by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks. (Kreep, Gary) (jmo). (Entered: 06/27/2022) |
| 06/27/2022 | [44](#) | AFFIDAVIT of Service for ORDER REQUIRING RESPONSE served on Bernie Rhinerson on 6/24/2022, filed by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks. (Kreep, Gary) (jmo). (Entered: 06/27/2022) |
| 06/27/2022 | [45](#) | AFFIDAVIT of Service for ORDER REQUIRING RESPONSE served on Carlos Cortez on 6/24/2022, filed by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks. (Kreep, Gary) (jmo). (Entered: 06/27/2022) |
| 06/27/2022 | [46](#) | AFFIDAVIT of Service for ORDER REQUIRING RESPONSE served on San Diego Community College District Board of Governors on 6/24/2022, filed by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks. (Kreep, Gary) (jmo). (Entered: 06/27/2022) |
| 06/27/2022 | [47](#) | AFFIDAVIT of Service for ORDER REQUIRING RESPONSE served on San Diego Community College District Board of Trustees on 6/24/2022, filed by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks. (Kreep, Gary) (jmo). (Entered: 06/27/2022) |
| 06/27/2022 | [48](#) | AFFIDAVIT of Service for ORDER REQUIRING RESPONSE served on Craig Milgrim on 6/24/2022, filed by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, |

| | | |
|---|---|---|
| | | Jess Perez, Mary Kate Planeta, Patricia Sparks. (Kreep, Gary) (jmo). (Entered: 06/27/2022) |
| 06/27/2022 | 49 | AFFIDAVIT of Service for ORDER REQUIRING RESPONSE served on Edward Borek on 6/24/2022, filed by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks. (Kreep, Gary) (jmo). (Entered: 06/27/2022) |
| 06/27/2022 | 50 | AFFIDAVIT of Service for ORDER REQUIRING RESPONSE served on Geysil Arroyo on 6/24/2022, filed by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks. (Kreep, Gary) (jmo). (Entered: 06/27/2022) |
| 06/27/2022 | 51 | AFFIDAVIT of Service for ORDER REQUIRING RESPONSE served on Maria Nieto Senour on 6/24/2022, filed by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks. (Kreep, Gary) (jmo). (Entered: 06/27/2022) |
| 06/27/2022 | 52 | AFFIDAVIT of Service for ORDER REQUIRING RESPONSE served on Mary Graham on 6/24/2022, filed by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks. (Kreep, Gary)(jmo). (Entered: 06/27/2022) |
| 06/27/2022 | 53 | AFFIDAVIT of Service for ORDER REQUIRING RESPONSE served on Natalia Trinh on 6/24/2022, filed by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks. (Kreep, Gary) (jmo). (Entered: 06/27/2022) |
| 06/27/2022 | 54 | AFFIDAVIT of Service for ORDER REQUIRING RESPONSE served on Victoria Owusu on 6/24/2022, filed by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks. (Kreep, Gary) (jmo). (Entered: 06/27/2022) |
| 06/27/2022 | 55 | AFFIDAVIT of Service for ORDER REQUIRING RESPONSE served on Aimee Gallagher on 6/27/2022, filed by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks. (Kreep, Gary) (jmo). (Entered: 06/27/2022) |
| 06/27/2022 | 56 | AFFIDAVIT of Service for ORDER REQUIRING RESPONSE served on Benjamin Blevins on 6/27/2022, filed by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks. (Kreep, Gary) (jmo). (Entered: 06/27/2022) |
| 06/27/2022 | 57 | AFFIDAVIT of Service for ORDER REQUIRING RESPONSE served on Brad Monroe on 6/27/2022, filed by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks. (Kreep, Gary)(jmo). (Entered: 06/27/2022) |
| 06/27/2022 | 58 | AFFIDAVIT of Service for ORDER REQUIRING RESPONSE served on Grossmont Cuyamaca Community College District Board of Governors on 6/27/2022, filed by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks. (Kreep, Gary) (jmo). (Entered: 06/27/2022) |
| 06/27/2022 | 59 | AFFIDAVIT of Service for ORDER REQUIRING RESPONSE served on Grossmont Cuyamaca Community College District Board of Trustees on 6/27/2022, filed by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks. (Kreep, Gary) (jmo). (Entered: 06/27/2022) |

| | | |
|---|---|---|
| 06/27/2022 | 60 | AFFIDAVIT of Service for ORDER REQUIRING RESPONSE served on Debbie Justeson on 6/27/2022, filed by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks. (Kreep, Gary) (jmo). (Entered: 06/27/2022) |
| 06/27/2022 | 61 | AFFIDAVIT of Service for ORDER REQUIRING RESPONSE served on Elena Adams on 6/27/2022, filed by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks. (Kreep, Gary)(jmo). (Entered: 06/27/2022) |
| 06/27/2022 | 62 | AFFIDAVIT of Service for ORDER REQUIRING RESPONSE served on Julie Schorr on 6/27/2022, filed by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks. (Kreep, Gary) (jmo). (Entered: 06/27/2022) |
| 06/27/2022 | 63 | AFFIDAVIT of Service for ORDER REQUIRING RESPONSE served on Kristie Macogay on 6/27/2022, filed by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks. (Kreep, Gary) (jmo). (Entered: 06/27/2022) |
| 06/27/2022 | 64 | AFFIDAVIT of Service for ORDER REQUIRING RESPONSE served on Linda Cartwright on 6/27/2022, filed by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks. (Kreep, Gary) (jmo). (Entered: 06/27/2022) |
| 06/27/2022 | 65 | AFFIDAVIT of Service for ORDER REQUIRING RESPONSE served on Lynn Neault on 6/27/2022, filed by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks. (Kreep, Gary) (jmo). (Entered: 06/27/2022) |
| 06/30/2022 | 66 | Joint MOTION for Extension of Time to File Response/Reply *Joint Stipulation Re: Defendants Deadline To Oppose Plaintiffs Ex Parte Application For Temporary Restraining Order And Defendants Deadline To File A Joint Responsive Pleading* by South Orange County Community College District. (Walsh, Dennis)Attorney Dennis J. Walsh added to party South Orange County Community College District(pty:dft)(jmo). (Entered: 06/30/2022) |
| 07/01/2022 | 67 | Order Granting Joint Motion to Extend Defendants' Deadlines to Oppose Plaintiffs' Ex Parte Application for a Temporary Restraining Order and to Respond to the Complaint 66 . Consolidated opposition to the TRO Application by no later than 7/11/2022. Response to complaint due no later than 8/1/22. Signed by Judge Cynthia Bashant on 7/1/22. (jmo) (Entered: 07/01/2022) |
| 07/11/2022 | 68 | RESPONSE in Opposition re 40 Ex Parte MOTION for Temporary Restraining Order filed by Elena Adams, Geysil Arroyo, Benjamin Blevins, Kathleen F. Burke, Linda Cartwright, GCCCD Board Of Trustees, Aimee Gallagher, Mary Graham, Grossmont Cuyamaca Community College District Board Of Governors, John C. Hernandez, Carolyn Inmon, Barbara J. Jay, Timothy Jemal, Debbie Justeson, Kristie Macogay, Setarra Martin, Marcia Milchiker, Craig Milgrim, Brad Monroe, Lynn Neault, T.J. Prendergast III, Bernie Rhinerson, Terri Whitt Rydell, SDCCD Board Of Trustees, SOCCCD Board Of Trustees, San Diego Community College District, Julie Schorr, Maria Nieto Senour, Greg Smith, South Orange County Community College District, Elliot Stern, Carlos O. Turner Cortez, James R. Wright. (Attachments: # 1 Declaration Declaration of Aimee Gallagher (GCCCD), # 2 Declaration Declaration of Gregory Smith (SDCCD), # 3 Declaration Declaration of Cindy Vyskocil (SOCCCD))(Bresee, Mark) **QC Mailer 7/12/2022 re: person signing should use own account for filing even if in same law firm** (jmo). (Entered: 07/11/2022) |

| | | |
|---|---|---|
| 07/12/2022 | 69 | NOTICE of Appearance *of Counsel* by Paul Vincent Carelli, IV on behalf of San Diego Community College District (Carelli, Paul)Attorney Paul Vincent Carelli, IV added to party San Diego Community College District(pty:dft) (jmo). (Entered: 07/12/2022) |
| 07/12/2022 | 70 | NOTICE of Appearance *of Counsel* by Jack M Sleeth, Jr on behalf of San Diego Community College District (Sleeth, Jack)Attorney Jack M Sleeth, Jr added to party San Diego Community College District(pty:dft) (jmo). (Entered: 07/12/2022) |
| 07/20/2022 | 71 | REPLY to Response to Motion re 40 Ex Parte MOTION for Temporary Restraining Order *and Order to Show Cause Why a Preliminary Injunction Should Not Issue* filed by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks. (Attachments: # 1 Exhibit A, # 2 Declaration Kenneth Ely, # 3 Declaration Gary G. Kreep)(Kreep, Gary) (ave). (Entered: 07/20/2022) |
| 07/20/2022 | 72 | NOTICE of Appearance *of Counsel* by Mark Robert Bresee on behalf of Elena Adams, Benjamin Blevins, Linda Cartwright, GCCCD Board Of Trustees, Aimee Gallagher, Grossmont Cuyamaca Community College District Board Of Governors, Debbie Justeson, Kristie Macogay, Brad Monroe, Lynn Neault, Julie Schorr (Bresee, Mark)Attorney Mark Robert Bresee added to party Elena Adams(pty:dft), Attorney Mark Robert Bresee added to party Benjamin Blevins(pty:dft), Attorney Mark Robert Bresee added to party Linda Cartwright(pty:dft), Attorney Mark Robert Bresee added to party GCCCD Board Of Trustees(pty:dft), Attorney Mark Robert Bresee added to party Aimee Gallagher(pty:dft), Attorney Mark Robert Bresee added to party Grossmont Cuyamaca Community College District Board Of Governors(pty:dft), Attorney Mark Robert Bresee added to party Debbie Justeson(pty:dft), Attorney Mark Robert Bresee added to party Kristie Macogay(pty:dft), Attorney Mark Robert Bresee added to party Brad Monroe(pty:dft), Attorney Mark Robert Bresee added to party Lynn Neault(pty:dft), Attorney Mark Robert Bresee added to party Julie Schorr(pty:dft) QC Mailer sent as to not flat document (ave). (Entered: 07/20/2022) |
| 07/27/2022 | 73 | Joint MOTION for Extension of Time to File Response/Reply by Kathleen F. Burke, John C. Hernandez, Carolyn Inmon, Barbara J. Jay, Timothy Jemal, Marcia Milchiker, T.J. Prendergast III, Terri Whitt Rydell, SOCCCD Board Of Trustees, South Orange County Community College District, Elliot Stern, Cindy Vyskocil, James R. Wright. (Walsh, Dennis)Attorney Dennis J. Walsh added to party Kathleen F. Burke(pty:dft), Attorney Dennis J. Walsh added to party John C. Hernandez(pty:dft), Attorney Dennis J. Walsh added to party Carolyn Inmon(pty:dft), Attorney Dennis J. Walsh added to party Barbara J. Jay(pty:dft), Attorney Dennis J. Walsh added to party Timothy Jemal(pty:dft), Attorney Dennis J. Walsh added to party Marcia Milchiker(pty:dft), Attorney Dennis J. Walsh added to party T.J. Prendergast III(pty:dft), Attorney Dennis J. Walsh added to party Terri Whitt Rydell(pty:dft), Attorney Dennis J. Walsh added to party SOCCCD Board Of Trustees(pty:dft), Attorney Dennis J. Walsh added to party Elliot Stern(pty:dft), Attorney Dennis J. Walsh added to party Cindy Vyskocil(pty:dft), Attorney Dennis J. Walsh added to party James R. Wright(pty:dft) (anh). (Entered: 07/27/2022) |
| 07/28/2022 | 74 | ORDER Granting Joint Motion to Extend Defendants' Deadline to Respond to the Complaint [ECF No. 73 ] Answers due 8/5/2022. Signed by Judge Cynthia Bashant on 7/28/2022. (anh) (Entered: 07/28/2022) |
| 08/05/2022 | 75 | NOTICE of Appearance *of Counsel* by Dennis J. Walsh on behalf of Kathleen F. Burke, John C. Hernandez, Carolyn Inmon, Barbara J. Jay, Timothy Jemal, Setarra Martin, Marcia Milchiker, T.J. Prendergast III, Terri Whitt Rydell, SOCCCD Board Of Trustees, South Orange County Community College District, Elliot Stern, Cindy Vyskocil, James R. Wright (Walsh, Dennis)Attorney Dennis J. Walsh added to party Setarra Martin(pty:dft) (jmo). (Entered: 08/05/2022) |

| 08/05/2022 | 76 | MOTION to Dismiss for Failure to State a Claim by Elena Adams, Geysil Arroyo, Benjamin Blevins, Kathleen F. Burke, Linda Cartwright, GCCCD Board Of Trustees, Aimee Gallagher, Mary Graham, Grossmont Cuyamaca Community College District Board Of Governors, John C. Hernandez, Carolyn Inmon, Barbara J. Jay, Timothy Jemal, Debbie Justeson, Kristie Macogay, Setarra Martin, Marcia Milchiker, Craig Milgrim, Brad Monroe, Lynn Neault, T.J. Prendergast III, Bernie Rhinerson, Terri Whitt Rydell, SDCCD Board Of Trustees, SOCCCD Board Of Trustees, San Diego Community College District, Julie Schorr, Maria Nieto Senour, Greg Smith, South Orange County Community College District, Elliot Stern, Carlos O. Turner Cortez, Cindy Vyskocil, James R. Wright. (Attachments: # 1 Memo of Points and Authorities Defendants' Consolidated Points and Authorities in Support of Motion to Dismiss)(Bresee, Mark) (jmo). (Entered: 08/05/2022) |
| 08/18/2022 | 77 | Transfer Order. Magistrate Judge Barbara Lynn Major is no longer assigned. Case reassigned to Magistrate Judge David D. Leshner for all further proceedings. The new case number is 22CV424-BAS-DDL. Signed by Magistrate Judge Barbara Lynn Major on 8/18/22.(jmo) (Entered: 08/19/2022) |
| 08/23/2022 | 78 | NOTICE of Appearance *GCCCD, et al.* by Aaron Vincent O'Donnell on behalf of Elena Adams, Benjamin Blevins, Linda Cartwright, GCCCD Board Of Trustees, Aimee Gallagher, Grossmont Cuyamaca Community College District Board Of Governors, Debbie Justeson, Kristie Macogay, Brad Monroe, Julie Schorr (O'Donnell, Aaron)Attorney Aaron Vincent O'Donnell added to party Elena Adams(pty:dft), Attorney Aaron Vincent O'Donnell added to party Benjamin Blevins(pty:dft), Attorney Aaron Vincent O'Donnell added to party Linda Cartwright(pty:dft), Attorney Aaron Vincent O'Donnell added to party GCCCD Board Of Trustees(pty:dft), Attorney Aaron Vincent O'Donnell added to party Aimee Gallagher(pty:dft), Attorney Aaron Vincent O'Donnell added to party Grossmont Cuyamaca Community College District Board Of Governors(pty:dft), Attorney Aaron Vincent O'Donnell added to party Debbie Justeson(pty:dft), Attorney Aaron Vincent O'Donnell added to party Kristie Macogay(pty:dft), Attorney Aaron Vincent O'Donnell added to party Brad Monroe(pty:dft), Attorney Aaron Vincent O'Donnell added to party Julie Schorr(pty:dft) (jmo). (Entered: 08/23/2022) |
| 08/23/2022 | 79 | NOTICE of Appearance *Amended - GCCCD, et al.* by Aaron Vincent O'Donnell on behalf of Elena Adams, Benjamin Blevins, Linda Cartwright, GCCCD Board Of Trustees, Aimee Gallagher, Grossmont Cuyamaca Community College District Board Of Governors, Debbie Justeson, Kristie Macogay, Brad Monroe, Lynn Neault, Julie Schorr (O'Donnell, Aaron)Attorney Aaron Vincent O'Donnell added to party Lynn Neault(pty:dft) **QC mailer to withdraw duplicate prior document** (jmo). (Entered: 08/23/2022) |
| 09/19/2022 | 80 | RESPONSE in Opposition re 76 MOTION to Dismiss for Failure to State a Claim filed by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks. (Attachments: # 1 Request for Judicial Notice ISO Plaintiffs' Opp. to Defs' MTD, # 2 Declaration Paul Bonkowski, # 3 Declaration Dora Meza, # 4 Declaration Carlos de la Lama, # 5 Declaration Jess Perez, # 6 Declaration Patricia Sparks)(Kreep, Gary) (jmo). (Entered: 09/19/2022) |
| 09/26/2022 | 81 | REPLY to Response to Motion re 76 MOTION to Dismiss for Failure to State a Claim filed by Elena Adams, Geysil Arroyo, Benjamin Blevins, Kathleen F. Burke, Linda Cartwright, GCCCD Board Of Trustees, Aimee Gallagher, Mary Graham, Grossmont Cuyamaca Community College District Board Of Governors, John C. Hernandez, Carolyn Inmon, Barbara J. Jay, Timothy Jemal, Debbie Justeson, Kristie Macogay, Marcia Milchiker, Craig Milgrim, Brad Monroe, Lynn Neault, T.J. Prendergast III, Bernie Rhinerson, Terri Whitt Rydell, SDCCD Board Of Trustees, SOCCCD Board Of Trustees, |

| | | |
|---|---|---|
| | | San Diego Community College District, Julie Schorr, Maria Nieto Senour, Greg Smith, South Orange County Community College District, Elliot Stern, Cindy Vyskocil, James R. Wright. (O'Donnell, Aaron) (jmo). (Entered: 09/26/2022) |
| 10/27/2022 | 82 | Order: 1) Converting Application for a Temporary Restraining Order to Motion for a Preliminary Injunction (ECF No. 40 ); 2) Setting Hearing on Pending Motions for a Preliminary Injunction and Motion to Dismiss (ECF Nos. 40 , 76 ). Motion Hearings set for 11/2/2022 at 10:30 AM in Courtroom 4B before Judge Cynthia Bashant. Signed by Judge Cynthia Bashant on 10/27/22.(jmo) (Entered: 10/27/2022) |
| 11/02/2022 | 83 | Minute Entry for proceedings held before Judge Cynthia Bashant: Motion Hearing held on 11/2/2022 re 76 MOTION to Dismiss for Failure to State a Claim 40 Ex Parte MOTION for Temporary Restraining Order. Motions submitted and Court to issue order. (Court Reporter/ECR Anne Roldan). (Plaintiff Attorney Gary Kreep and Amanda Perez). (Defendant Attorney Mark Bresee, Paul Carelli and Arash Arjang S/A for Dennis Walsh). (no document attached) (sxm) (Entered: 11/02/2022) |
| 11/04/2022 | 84 | Order Denying Plaintiffs' Motion for a Preliminary Injunction (ECF No. 40 ). Signed by Judge Cynthia Bashant on 11/3/22. (jmo) (Entered: 11/04/2022) |
| 11/29/2022 | 85 | Order Granting Defendants' Motion to Dismiss (ECF No. 76 ). The Court Grants Plaintiffs leave to file an amended complaint, which Plaintiffs must file by no later than 12/23/22. Signed by Judge Cynthia Bashant on 11/29/22. (jmo) (Entered: 11/29/2022) |
| 12/23/2022 | 86 | **DOCUMENT STRICKEN PER 88 **AMENDED COMPLAINT with Jury Demand against Elena Adams, Geysil Arroyo, Benjamin Blevins, Kathleen F. Burke, Linda Cartwright, GCCCD Board Of Trustees, Aimee Gallagher, Mary Graham, Grossmont Cuyamaca Community College District Board Of Governors, John C. Hernandez, Carolyn Inmon, Barbara J. Jay, Timothy Jemal, Debbie Justeson, Kristie Macogay, Setarra Martin, Marcia Milchiker, Craig Milgrim, Brad Monroe, Lynn Neault, T.J. Prendergast III, Bernie Rhinerson, Terri Whitt Rydell, SDCCD Board Of Trustees, SOCCCD Board Of Trustees, San Diego Community College District, Julie Schorr, Maria Nieto Senour, Greg Smith, South Orange County Community College District, Elliot Stern, Carlos O. Turner Cortez, Cindy Vyskocil, James R. Wright, filed by Dora Meza, Judy George, Paul Bonkowski, Mary Kate Planeta, Patricia Sparks, Jess Perez, Carlos De La Lama.New Summons Requested. (Kreep, Gary) **QC mailer re caption of parties doesn't match body and no redlined version submitted. Instructed to seek leave to file corrected document. No summons issued until corrected document is filed 12/27/2022** (jmo). (Main Document 86 replaced on 1/3/2023) (exs). Modified on 1/9/2023 (jmo). (Entered: 12/23/2022) |
| 12/28/2022 | 87 | **DOCUMENT STRICKEN PER 88 ** AMENDED COMPLAINT with Jury Demand against All Defendants, filed by Dora Meza, Judy George, Paul Bonkowski, Mary Kate Planeta, Patricia Sparks, Jess Perez, Carlos De La Lama.New Summons Requested. (Kreep, Gary)**QC mailer 12/29/2022 re amended complaint still not complete - names don't match caption/body and no redline version attached**(jmo). (Main Document 87 replaced on 1/3/2023) (exs). Modified on 1/9/2023 (jmo). (Entered: 12/28/2022) |
| 01/01/2023 | 88 | Notice of Document Discrepancies and Order Thereon by Judge Cynthia Bashant Rejecting re 86 Amended Complaint 87 Amended Complaint, from Plaintiffs Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks. Non-compliance with local rule(s), LR 15.1 - Amended pleading not complete in itself. Missing redlined version.. IT IS HEREBY ORDERED: The document is rejected. It is ordered that the Clerk STRIKE the document from the record, and serve a copy of this order on all parties. The Plaintiffs are instructed to refile their Amended Complaint by January 6, 2023, and correct the document, as previously requested through Quality Control, to ensure all named Plaintiff(s) and Defendant(s) |

| | | |
|---|---|---|
| | | named in the body of the Amended Complaint are the same exact Plaintiff(s) and Defendant(s) listed in the Caption of the Amended Document. In addition, counsel must file/attach a redlined version of the Amended Complaint to show changes. No amended summons will be issued until this has been corrected. (Attachments: # 1 Rejected Document #86, # 2 Rejected Document #87)(exs) (Entered: 01/03/2023) |
| 01/06/2023 | 89 | AMENDED COMPLAINT with Jury Demand against All Defendants, filed by Dora Meza, Judy George, Paul Bonkowski, Mary Kate Planeta, Patricia Sparks, Jess Perez, Carlos De La Lama. (Attachments: # 1 Supplement)New Summons Requested. (Kreep, Gary) (jmo). (Entered: 01/06/2023) |
| 01/09/2023 | 90 | Amended Summons Issued. **Counsel receiving this notice electronically should print this summons and serve it in accordance with Rule 4, Fed.R.Civ.P and LR 4.1.** (jmo) (Entered: 01/09/2023) |
| 01/17/2023 | 91 | Joint MOTION for Extension of Time to File *Responsive Pleadings* by San Diego Community College District, San Diego Community College District Board of Trustees. (Carelli, Paul)Attorney Paul Vincent Carelli, IV added to party San Diego Community College District Board of Trustees(pty:dft) (jmo). (Entered: 01/17/2023) |
| 01/20/2023 | 92 | Order Granting Joint Motion to Extend Defendants' Deadline to Respond to Amended Complaint (ECF No. 91 ). Defendants to respond to the Amended Complaint by no later than 1/30/23. Signed by Judge Cynthia Bashant on 1/20/23. (jmo) (Entered: 01/20/2023) |
| 01/26/2023 | 93 | Joint MOTION for Extension of Time to File *Responsive Pleadings* by San Diego Community College District, San Diego Community College District Board of Trustees. (Carelli, Paul). Added MOTION to Amend/Correct on 1/26/2023 (jmo). Modified on 1/26/2023 to add motion to amend (jmo). (Entered: 01/26/2023) |
| 01/26/2023 | 94 | Order Granting Second Joint Motion to Extend Defendants' Deadline to Respond to Amended Complaint (ECF No. 93 ). Plaintiffs to file their Second Amended Complaint by no later than 2/24/23. Signed by Judge Cynthia Bashant on 1/26/23. (jmo) (Entered: 01/27/2023) |
| 02/24/2023 | 95 | AMENDED COMPLAINT with Jury Demand against All Defendants, filed by Dora Meza, Judy George, Paul Bonkowski, Mary Kate Planeta, Patricia Sparks, Jess Perez, Carlos De La Lama. (Attachments: # 1 Supplement Redlined 2nd Amended Complaint)New Summons Requested. (Kreep, Gary) (jmo). (Entered: 02/24/2023) |
| 02/24/2023 | 96 | Second Amended Summons Issued. **Counsel receiving this notice electronically should print this summons and serve it in accordance with Rule 4, Fed.R.Civ.P and LR 4.1.** (jmo) (Entered: 02/24/2023) |
| 03/10/2023 | 97 | *Joint Motion to Extend*NOTICE by Kathleen F. Burke, John C. Hernandez, Carolyn Inmon, Barbara J. Jay, Timothy Jemal, Marcia Milchiker, T.J. Prendergast III, Terri Whitt Rydell, South Orange County Community College District, South Orange County Community College District Board of Trustees, Elliot Stern, James R. Wright re 95 Amended Complaint, (Attachments: # 1 ORDER RE: DEFENDANTS DEADLINE TO FILE A JOINT RESPONSIVE PLEADING)(Walsh, Dennis) **QC mailer re: wrong event - corrected to Joint Motion and instruction to send proposed order to Chambers and not file on docket** 3/13/2023 (jmo). (Entered: 03/10/2023) |
| 03/14/2023 | 98 | Order Granting Joint Motion to Extend Defendants' Deadlines to Respond to the Second Amended Complaint (ECF No. 97 ). Defendants to respond by no later than 3/27/2023. Signed by Judge Cynthia Bashant on 3/14/23. (jmo) (Entered: 03/14/2023) |
| 03/17/2023 | 99 | ORDER OF TRANSFER. Judge Cynthia Bashant is no longer assigned. Case reassigned to District Judge Andrew G. Schopler for all further proceedings. The new case number is |

| | | 22cv424-AGS-DDL. Signed by Judge Cynthia Bashant on 3/17/23.(jmo) (Entered: 03/17/2023) |
|---|---|---|
| 03/27/2023 | 100 | Joint MOTION to Dismiss for Failure to State a Claim , Joint MOTION to Dismiss for Lack of Jurisdiction by Elena Adams, Geysil Arroyo, Kathleen F. Burke, Linda Cartwright, Aimee Gallagher, Mary Graham, Grossmont Cuyamaca Community College District, Grossmont Cuyamaca Community College District Governing Board, John C. Hernandez, Carolyn Inmon, Barbara J. Jay, Timothy Jemal, Debbie Justeson, Marcia Milchiker, Craig Milgrim, Brad Monroe, Lynn Neault, T.J. Prendergast III, Bernie Rhinerson, Terri Whitt Rydell, San Diego Community College District, San Diego Community College District Board of Trustees, Julie Schorr, Maria Nieto Senour, Greg Smith, South Orange County Community College District, South Orange County Community College District Board of Trustees, Elliot Stern, Carlos O. Turner Cortez, Cindy Vyskocil, James R. Wright. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration)(Bresee, Mark) (jms). (Entered: 03/27/2023) |
| 03/28/2023 | 101 | **Document Withdrawn per 102 ** REQUEST FOR JUDICIAL NOTICE by Kathleen F. Burke, John C. Hernandez, Carolyn Inmon, Barbara J. Jay, Timothy Jemal, Marcia Milchiker, T.J. Prendergast III, Terri Whitt Rydell, South Orange County Community College District, South Orange County Community College District Board of Trustees, Elliot Stern, Cindy Vyskocil, James R. Wright re 100 Joint MOTION to Dismiss for Failure to State a Claim Joint MOTION to Dismiss for Lack of Jurisdiction (Walsh, Dennis) QC mailer sent re incorrect s/ signature, instructed to withdraw and refile. (jms). (Entered: 03/28/2023) |
| 03/29/2023 | 102 | NOTICE *of Withdrawal* by Kathleen F. Burke, John C. Hernandez, Carolyn Inmon, Barbara J. Jay, Timothy Jemal, Marcia Milchiker, T.J. Prendergast III, Terri Whitt Rydell, South Orange County Community College District, South Orange County Community College District Board of Trustees, Elliot Stern, Cindy Vyskocil, James R. Wright re 101 Request for Judicial Notice,, (Walsh, Dennis) (jms). (Entered: 03/29/2023) |
| 05/01/2023 | 103 | ORDER TO SHOW CAUSE (Order to Show Cause Response due by 5/9/2023). Signed by District Judge Andrew G. Schopler on 5/1/2023.(jms) (Entered: 05/01/2023) |
| 05/08/2023 | 104 | RESPONSE in Opposition: Plaintiffs' opposition to Defendants' consolidated Motion to Dismiss Second Amended Complaint, filed by Paul Bonkowski, Carlos De La Lama, Judy George, Dora Meza, Jess Perez, Mary Kate Planeta, Patricia Sparks. (Attachments: # 1 Declaration)(Kreep, Gary) (maq). (Entered: 05/08/2023) |
| 05/10/2023 | 105 | ORDER (AGS): In light of plaintiff's OSC response (ECF 104-1) and opposition to defendants' motion to dismiss (ECF 104 ), the order to show cause (ECF 103 ) is vacated without further court action. Plaintiff and counsel are admonished, though, to be attentive to court deadlines going forward. Signed by District Judge Andrew G. Schopler on 05/10/2023. (no document attached) (mrf) (Entered: 05/10/2023) |
| 05/11/2023 | 106 | ORDER (AGS): By May 25, 2023, defendants must file any reply in support of motion to dismiss (ECF 100 ). Signed by District Judge Andrew G. Schopler on 05/11/2023. (no document attached) (mrf) (Entered: 05/11/2023) |
| 05/25/2023 | 107 | REPLY to Response to Motion re 100 Joint MOTION to Dismiss for Failure to State a Claim Joint MOTION to Dismiss for Lack of Jurisdiction *Reply Brief In Support Of Motion to Dismiss Second Amended Complaint* filed by Grossmont Cuyamaca Community College District Governing Board. (O'Donnell, Aaron) (jms). (Entered: 05/25/2023) |
| 05/25/2023 | 108 | REPLY to Response to Motion re 100 Joint MOTION to Dismiss for Failure to State a Claim Joint MOTION to Dismiss for Lack of Jurisdiction *Request for Judicial Notice In* |

*Support Of Motion to Dismiss Second Amended Complaint* filed by Grossmont Cuyamaca Community College District Governing Board. (O'Donnell, Aaron) (jms). (Entered: 05/25/2023)

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/27/2023 12:30:34 | | |
| **PACER Login:** | markbresee | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:22-cv-00424-AGS-DDL |
| **Billable Pages:** | 11 | **Cost:** | 1.10 |

**EXHIBIT F**

POS-015

| | | |
|---|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY:** | STATE BAR NO: | *FOR COURT USE ONLY* |

NAME: Gary Kreep    SBN: 066482
FIRM NAME: Law Offices of Gary Kreep
STREET ADDRESS: 932 D Street, Suite #1
CITY: Ramona          STATE: CA    ZIP CODE: 92065
TELEPHONE NO.: 760-803-4029    FAX NO.:
E-MAIL ADDRESS: Gary@ggkmail.us
ATTORNEY FOR *(Name)*:   ALYSHA ADAMS, JOANNA AUD, TRACEY KISER, (see attachment)

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego
  STREET ADDRESS:   1100 Union St
  MAILING ADDRESS:
  CITY AND ZIP CODE:   San Diego
  BRANCH NAME:   Central

Plaintiff/Petitioner:  ALYSHA ADAMS, JOANNA AUD, TRACEY KISER,(see attach)
Defendant/Respondent:  GROSSMONT CUYAMACA COMMUNITY COLLE(see attach)

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>37-2023-00013487 |

TO *(insert name of party being served)*:  See attachment

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: May 11, 2023

Kenneth Ely
(TYPE OR PRINT NAME)          (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:

1. ☒ A copy of the summons and of the complaint.
2. ☒ Other *(specify)*:

   Civil Case Cover sheet; Notice of Case Assignment; Notice of Related Cases; Notice to Litigants; Stipulation to Alternative Dispute Resolution

*(To be completed by recipient)*:

Date this form is signed:  May 31, 2023

Mark Bresee, for Grossmont-Cuyamaca CCD Defendants
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,     (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>*www.courtinfo.ca.gov* |

## ATTACHMENT FOR NOTICE AND ACKNOWLEDGMENT OF RECEIPT FORM POS-015

### IN THE CASE # 37-2023-00013487

### ADAMS V. GROSSMONT CUYAMACA COMMUNITY COLLEGE DISTRICT

PLAINTIFFS:

ALYSHA ADAMS, JOANNA AUD, TRACEY KISER, SANDY GONZALEZ, KIRK WEBLEY, ROB HARTMAN

DEFENDANTS:

GROSSMONT CUYAMACA COMMUNITY COLLEGE DISTRICT, LYNN NEAULT, GROSSMONT CUYAMACA COMMUNITY COLLEGE DISTRICT GOVERNING BOARD, DEBBIE JUSTESON, ELENA ADAMS, BRAD MONROE, LINDA CARTWRIGHT, JULIE SCHORR, AIMEE GALLAGHER, SAN DIEGO COMMUNITY COLLEGE DISTRICT, CARLOS O. TURNER CORTEZ, SAN DIEGO COMMUNITY COLLEGE DISTRICT BOARD OF TRUSTEES, BERNIE RHINERSON, CRAIG MILGRIM, GEYSIL ARROYO, MARIA NIETO SENOUR, MARY GRAHAM, GREG SMITH, SOUTH ORANGE COUNTY COMMUNITY COLLEGE DISTRICT, KATHLEEN F. BURKE, SOUTH ORANGE COUNTY COMMUNITY COLLEGE DISTRICT BOARD OF TRUSTEES, MARCIA MILCHIKER, TIMOTHY JEMAL, CAROLYN INMON, BARBARA J. JAY, T.J. PRENDERGAST III, JAMES R. WRIGHT, TERRI WHITT RYDELL, CINDY VYSKOCIL, ELLIOT STERN, JOHN C. HERNANDEZ

NAMES OF PARTIES BEING SERVED:

GROSSMONT CUYAMACA COMMUNITY COLLEGE DISTRICT, LYNN NEAULT, GROSSMONT CUYAMACA COMMUNITY COLLEGE DISTRICT GOVERNING BOARD, DEBBIE JUSTESON, ELENA ADAMS, BRAD MONROE, LINDA CARTWRIGHT, JULIE SCHORR, AIMEE GALLAGHER

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: | FOR COURT USE ONLY |
|---|---|---|

NAME: Gary Kreep      SBN: 066482
FIRM NAME: Law Offices of Gary Kreep
STREET ADDRESS: 932 D Street, Suite #1
CITY: Ramona          STATE: CA    ZIP CODE: 92065
TELEPHONE NO.: 760-803-4029    FAX NO. :
E-MAIL ADDRESS:  Gary@ggkmail.us
ATTORNEY FOR (Name):  ALYSHA ADAMS, JOANNA AUD, TRACEY KISER, (see attachment)

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego
STREET ADDRESS:  1100 Union St
MAILING ADDRESS:
CITY AND ZIP CODE:   San Diego
BRANCH NAME:  Central

Plaintiff/Petitioner:  ALYSHA ADAMS, JOANNA AUD, TRACEY KISER,(see attach)
Defendant/Respondent:  GROSSMONT CUYAMACA COMMUNITY COLLE(see attach)

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>37-2023-00013487 |
|---|---|

TO *(insert name of party being served):* See attachment

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing:  May 11, 2023

Kenneth Ely
(TYPE OR PRINT NAME)                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. ☒ A copy of the summons and of the complaint.
2. ☒ Other *(specify):*

   Civil Case Cover sheet; Notice of Case Assignment; Notice of Related Cases; Notice to Litigants; Stipulation to Alternative Dispute Resolution

*(To be completed by recipient):*

Date this form is signed:  May 31, 2023

Paul V. Carelli, IV
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,        (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

**ATTACHMENT FOR NOTICE AND ACKNOWLEDGMENT OF RECEIPT
FORM POS-015**

**IN THE CASE # 37-2023-00013487**

**ADAMS V. GROSSMONT CUYAMACA COMMUNITY COLLEGE DISTRICT**

PLAINTIFFS:

ALYSHA ADAMS, JOANNA AUD, TRACEY KISER, SANDY GONZALEZ, KIRK
WEBLEY, ROB HARTMAN

DEFENDANTS:

GROSSMONT CUYAMACA COMMUNITY COLLEGE DISTRICT, LYNN NEAULT,
GROSSMONT CUYAMACA COMMUNITY COLLEGE DISTRICT GOVERNING BOARD,
DEBBIE JUSTESON, ELENA ADAMS, BRAD MONROE, LINDA CARTWRIGHT, JULIE
SCHORR, AIMEE GALLAGHER, SAN DIEGO COMMUNITY COLLEGE DISTRICT,
CARLOS O. TURNER CORTEZ, SAN DIEGO COMMUNITY COLLEGE DISTRICT
BOARD OF TRUSTEES, BERNIE RHINERSON, CRAIG MILGRIM, GEYSIL ARROYO,
MARIA NIETO SENOUR, MARY GRAHAM, GREG SMITH, SOUTH ORANGE COUNTY
COMMUNITY COLLEGE DISTRICT, KATHLEEN F. BURKE, SOUTH ORANGE
COUNTY COMMUNITY COLLEGE DISTRICT BOARD OF TRUSTEES, MARCIA
MILCHIKER, TIMOTHY JEMAL, CAROLYN INMON, BARBARA J. JAY, T.J.
PRENDERGAST III, JAMES R. WRIGHT, TERRI WHITT RYDELL, CINDY VYSKOCIL,
ELLIOT STERN, JOHN C. HERNANDEZ

NAMES OF PARTIES BEING SERVED:

SAN DIEGO COMMUNITY COLLEGE DISTRICT, CARLOS O. TURNER CORTEZ, SAN
DIEGO COMMUNITY COLLEGE DISTRICT BOARD OF TRUSTEES, BERNIE
RHINERSON, CRAIG MILGRIM, GEYSIL ARROYO, MARIA NIETO SENOUR, MARY
GRAHAM, GREG SMITH

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:<br>NAME: Gary Kreep     SBN: 066482<br>FIRM NAME: Law Offices of Gary Kreep<br>STREET ADDRESS: 932 D Street, Suite #1<br>CITY: Ramona     STATE: CA     ZIP CODE: 92065<br>TELEPHONE NO.: 760-803-4029     FAX NO. :<br>E-MAIL ADDRESS: Gary@ggkmail.us<br>ATTORNEY FOR *(Name):* ALYSHA ADAMS, JOANNA AUD, TRACEY KISER, (see attachment) | FOR COURT USE ONLY |

STATE BAR NO:

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego |
| STREET ADDRESS: 1100 Union St |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: San Diego |
| BRANCH NAME: Central |

| |
|---|
| Plaintiff/Petitioner: ALYSHA ADAMS, JOANNA AUD, TRACEY KISER,(see attach) |
| Defendant/Respondent: GROSSMONT CUYAMACA COMMUNITY COLLE(see attach) |

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>37-2023-00013487 |

TO *(insert name of party being served):* See attachment

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: May 11, 2023

Kenneth Ely

(TYPE OR PRINT NAME)     (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [x] A copy of the summons and of the complaint.
2. [x] Other *(specify):*

> Civil Case Cover sheet; Notice of Case Assignment; Notice of Related Cases; Notice to Litigants; Stipulation to Alternative Dispute Resolution

*(To be completed by recipient):*

Date this form is signed: May 31, 2023

Dennis J. Walsh, for SOCCCD Defendants

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,<br>ON WHOSE BEHALF THIS FORM IS SIGNED)     (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF<br>ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

**ATTACHMENT FOR NOTICE AND ACKNOWLEDGMENT OF RECEIPT FORM POS-015**

**IN THE CASE # 37-2023-00013487**

**ADAMS V. GROSSMONT CUYAMACA COMMUNITY COLLEGE DISTRICT**

PLAINTIFFS:

ALYSHA ADAMS, JOANNA AUD, TRACEY KISER, SANDY GONZALEZ, KIRK WEBLEY, ROB HARTMAN

DEFENDANTS:

GROSSMONT CUYAMACA COMMUNITY COLLEGE DISTRICT, LYNN NEAULT, GROSSMONT CUYAMACA COMMUNITY COLLEGE DISTRICT GOVERNING BOARD, DEBBIE JUSTESON, ELENA ADAMS, BRAD MONROE, LINDA CARTWRIGHT, JULIE SCHORR, AIMEE GALLAGHER, SAN DIEGO COMMUNITY COLLEGE DISTRICT, CARLOS O. TURNER CORTEZ, SAN DIEGO COMMUNITY COLLEGE DISTRICT BOARD OF TRUSTEES, BERNIE RHINERSON, CRAIG MILGRIM, GEYSIL ARROYO, MARIA NIETO SENOUR, MARY GRAHAM, GREG SMITH, SOUTH ORANGE COUNTY COMMUNITY COLLEGE DISTRICT, KATHLEEN F. BURKE, SOUTH ORANGE COUNTY COMMUNITY COLLEGE DISTRICT BOARD OF TRUSTEES, MARCIA MILCHIKER, TIMOTHY JEMAL, CAROLYN INMON, BARBARA J. JAY, T.J. PRENDERGAST III, JAMES R. WRIGHT, TERRI WHITT RYDELL, CINDY VYSKOCIL, ELLIOT STERN, JOHN C. HERNANDEZ

NAMES OF PARTIES BEING SERVED:

SOUTH ORANGE COUNTY COMMUNITY COLLEGE DISTRICT, KATHLEEN F. BURKE, SOUTH ORANGE COUNTY COMMUNITY COLLEGE DISTRICT BOARD OF TRUSTEES, MARCIA MILCHIKER, TIMOTHY JEMAL, CAROLYN INMON, BARBARA J. JAY, T.J. PRENDERGAST III, JAMES R. WRIGHT, TERRI WHITT RYDELL, CINDY VYSKOCIL, ELLIOT STERN, JOHN C. HERNANDEZ

# EXHIBIT G

**Superior Court of California, County of San Diego  -  Register of Actions**

| Page | Case Number Search | Participant Name Search | Date Search | Unlawful Detainer Search |
| Printer Friendly Version | FAQ |

Cart

# Register of Actions (ROA)

## Case Information

| | | | |
|---|---|---|---|
| Case Number: | **37-2023-00013487-CU-CR-CTL** | Date Filed: | 03/09/2023 |
| Case Title: | Adams vs Grossmont Cuyamaca Community College District [IMAGED] | Case Status: | Pending |
| Case Category: | Civil - Unlimited | Location: | Central |
| Case Type: | Civil Rights | Judicial Officer: | Richard S. Whitney |
| Case Age: | 110 days | Department: | C-68 |

## Future Events

| Event Date | Event Time | Location | Event Type |
|---|---|---|---|
| 10/06/2023 | 10:00 AM | C-68 | Civil Case Management Conference - Complaint |

1

## Participants

| Name | Role | Representation |
|---|---|---|
| Adams, Alysha | Plaintiff | Kreep, Gary G |
| Adams, Elena | Defendant | |
| Arroyo, Geysil | Defendant | |
| Aud, Joanna | Plaintiff | Kreep, Gary G |
| Burke, Kathleen F | Defendant | |
| Cartwright, Linda | Defendant | |
| Cortez, Carlos O Turner | Defendant | |
| Gallagher, Aimee | Defendant | |
| Gonzalez, Sandy | Plaintiff | Kreep, Gary G |
| Graham, Mary | Defendant | |

1 2 3 4

## Representation

| Name | Address | Phone Number |
|---|---|---|
| KREEP, GARY G | 932 D Street Suite 1 Ramona CA 92065 | (760) 803-4029 |

| | | | 1 | | |

## Register of Actions

| All Entries | Filing Entries | Minutes Entries | Scheduling Entries |

🔍 Enter text to search

| | | | 1 | | |

| ROA# | Entry Date | Short/Long Entry | Filed By | Document | Cart |
|------|-----------|------------------|----------|----------|------|
| 8 | 04/03/2023 | Case initiation form printed. | | Notice of Case Assignment SD | Add to Cart |
| 7 | 04/03/2023 | Civil Case Management Conference scheduled for 10/06/2023 at 10:00:00 AM at Central in C-68 Richard S. Whitney. | | | |
| 6 | 03/09/2023 | Case assigned to Judicial Officer Whitney, Richard. | | | |
| 5 | 04/03/2023 | Summons issued. | | | |
| 4 | 03/09/2023 | Notice of Related Case filed by Adams, Alysha; Aud, Joanna; Kiser, Tracey; Gonzalez, Sandy; Webley, Kirk; Hartman, Rob.<br>Refers to: Grossmont Cuyamaca Community College District; Grossmont Cuyamaca Community college District Governing Board; San Diego Community College District; San Diego Community College District Board of Trustees; South Orange County Community College district; South Orange County Community College district Board of Trustees; Neault, Lynn; Justeson, Debbie; Adams, Elena; Monroe, Brad; Cartwright, Linda; Schorr, Julie; Gallagher, Aimee; Cortez, Carlos; Rhinerson, Bernie; Milgrim, Craig; Arroyo, Geysil; Senour, Maria; Graham, Mary; Smith, Greg; Burke, Kathleen; Milchiker, Marcia; Jemal, Timothy; Inmon, Carolyn; Jay, Barbara; Prendergast, TJ; Wright, James; Rydell, Terri; Vyskocil, | Adams, Alysha (Plaintiff); Aud, Joanna (Plaintiff); Kiser, Tracey (Plaintiff); Gonzalez, Sandy (Plaintiff); Webley, Kirk (Plaintiff) | Notice of Related Case (Notices) | Add to Cart |



| ROA# | Entry Date | Short/Long Entry | Filed By | Document | Cart |
|------|-----------|-----------------|----------|----------|------|
| | | Cindy; Stern, Elliot; Hernandez, John | | | |
| 3 | 03/09/2023 | Original Summons filed by Adams, Alysha; Aud, Joanna; Kiser, Tracey; Gonzalez, Sandy; Webley, Kirk; Hartman, Rob.<br>Refers to: Grossmont Cuyamaca Community College District; Grossmont Cuyamaca Community college District Governing Board; San Diego Community College District; San Diego Community College District Board of Trustees; South Orange County Community College district; South Orange County Community College district Board of Trustees; Neault, Lynn; Justeson, Debbie; Adams, Elena; Monroe, Brad; Cartwright, Linda; Schorr, Julie; Gallagher, Aimee; Cortez, Carlos; Rhinerson, Bernie; Milgrim, Craig; Arroyo, Geysil; Senour, Maria; Graham, Mary; Smith, Greg; Burke, Kathleen; Milchiker, Marcia; Jemal, Timothy; Inmon, Carolyn; Jay, Barbara; Prendergast, TJ; Wright, James; Rydell, Terri; Vyskocil, Cindy; Stern, Elliot; Hernandez, John | Adams, Alysha (Plaintiff); Aud, Joanna (Plaintiff); Kiser, Tracey (Plaintiff); Gonzalez, Sandy (Plaintiff); Webley, Kirk (Plaintiff) | Original Summons (Warrants/Issuance Returns) | Add to Cart |
| 2 | 03/09/2023 | Civil Case Cover Sheet filed by Adams, Alysha; Aud, Joanna; Kiser, Tracey; Gonzalez, Sandy; Webley, Kirk; Hartman, Rob.<br>Refers to: Grossmont Cuyamaca Community College District; Grossmont Cuyamaca Community college District Governing Board; San Diego Community College District; San Diego Community College District Board of Trustees; South Orange County Community College district; South Orange County Community College district Board of Trustees; Neault, Lynn; Justeson, Debbie; Adams, Elena; Monroe, Brad; Cartwright, Linda; Schorr, Julie; Gallagher, Aimee; | Adams, Alysha (Plaintiff); Aud, Joanna (Plaintiff); Kiser, Tracey (Plaintiff); Gonzalez, Sandy (Plaintiff); Webley, Kirk (Plaintiff) | Civil Case Cover Sheet (Cover Sheets) | Add to Cart |

| ROA# | Entry Date | Short/Long Entry | Filed By | Document | Cart |
|---|---|---|---|---|---|
| | | Cortez, Carlos; Rhinerson, Bernie; Milgrim, Craig; Arroyo, Geysil; Senour, Maria; Graham, Mary; Smith, Greg; Burke, Kathleen; Milchiker, Marcia; Jemal, Timothy; Inmon, Carolyn; Jay, Barbara; Prendergast, TJ; Wright, James; Rydell, Terri; Vyskocil, Cindy; Stern, Elliot; Hernandez, John | | | |
| 1 | 03/09/2023 | Complaint filed by Adams, Alysha; Aud, Joanna; Kiser, Tracey; Gonzalez, Sandy; Webley, Kirk; Hartman, Rob. Refers to: Grossmont Cuyamaca Community College District; Grossmont Cuyamaca Community college District Governing Board; San Diego Community College District; San Diego Community College District Board of Trustees; South Orange County Community College district; South Orange County Community College district Board of Trustees; Neault, Lynn; Justeson, Debbie; Adams, Elena; Monroe, Brad; Cartwright, Linda; Schorr, Julie; Gallagher, Aimee; Cortez, Carlos; Rhinerson, Bernie; Milgrim, Craig; Arroyo, Geysil; Senour, Maria; Graham, Mary; Smith, Greg; Burke, Kathleen; Milchiker, Marcia; Jemal, Timothy; Inmon, Carolyn; Jay, Barbara; Prendergast, TJ; Wright, James; Rydell, Terri; Vyskocil, Cindy; Stern, Elliot; Hernandez, John | Adams, Alysha (Plaintiff); Aud, Joanna (Plaintiff); Kiser, Tracey (Plaintiff); Gonzalez, Sandy (Plaintiff); Webley, Kirk (Plaintiff) | Complaint (Case Initiation) | Add to Cart |

| | | 1 | | |

**THE INFORMATION IN THIS REGISTER OF ACTIONS IS PROVIDED AS IS, WITHOUT WARRANTY BY THE SAN DIEGO SUPERIOR COURT AS TO CONTENT OR ACCURACY OF THE INFORMATION.** The Entry Date on the Register of Actions may not always reflect the actual filing date of a document and not all documents filed with the Court are listed on the Register of Actions. It is recommended that users refer to the case file for confirmation.

# EXHIBIT H

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7068 |

**PLAINTIFF(S) / PETITIONER(S):**   Alysha Adams et.al.

**DEFENDANT(S) / RESPONDENT(S):**   Grossmont Cuyamaca Community College District et.al.

ADAMS VS GROSSMONT CUYAMACA COMMUNITY COLLEGE DISTRICT [IMAGED]

| **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL)** | CASE NUMBER: |
|---|---|
| | 37-2023-00013487-CU-CR-CTL |

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:  Richard S. Whitney                                    Department: C-68

## COMPLAINT/PETITION FILED: 03/09/2023

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 10/06/2023 | 10:00 am | C-68 | Richard S. Whitney |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases.  Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing.  E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court.  All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program."  This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain.  The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150.  Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed.  Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.